**Robert STANLEY and Glenn McGee, Appellants,**

**v.**

**STATE of Indiana, Appellee.**

**No. 1079S291.**

Supreme Court of Indiana.

March 19, 1980.

Robert Graves, Marion, for appellants.

Theodore L. Sendak, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellants Robert Stanley and Glenn McGee were charged in Grant Superior Court with burglary, Ind.Code § 35–43–2–1 (Burns 1979 Repl.), and arson, Ind.Code § 35–43–1–1 (Burns 1979 Repl.). They were tried jointly to a jury and convicted on both counts. The trial court sentenced appellant McGee to determinate terms of ten years on each count. The court found that aggravating circumstances existed in appellant Stanley's case and accordingly sentenced him to twenty years on each count. Stanley and McGee now prosecute this appeal jointly.

Three of the issues presented on this appeal concern both appellants. Those issues are: (1) whether the trial court erred in allowing one of the State's witnesses to testify after the State allegedly violated the pretrial discovery order; (2) whether the prosecutor was guilty of misconduct which placed appellants in a position of grave peril; and (3) whether the evidence was sufficient to sustain the convictions. In addition, appellant Stanley raises an issue concerning the manner in which he was sentenced.

This case involves the burglary and arson of a house rented by Michael Spence in

rural Grant County. On August 31, 1978, between 7:00 and 8:00 p. m., Paul Denny and appellant Stanley picked up appellant McGee at his home. They returned to Denny's house and obtained a can of charcoal lighter fluid. They planned at that time to use the lighter fluid to set fire to Spence's house. The three men then drove to the Spence residence. Appellant McGee entered the house through an open window and then opened a door for the others. They took several items from the home, many of which, Denny claims, belonged to him, and put them in their car. Denny then attempted to start the fire, but the lighter fluid failed to ignite. Appellants Stanley and McGee then overturned a riding lawn mower in an enclosed porch area and caused gasoline to leak from the tank. Stanley lit the match which ignited the gasoline fumes. Nearly all of the back half of the house was destroyed. The evidence tended to show that Michael Spence, the lessee of the house, was the son of appellant Stanley's former girl friend, and that the fire was set for the purpose of "getting back" at her.

### I.

■ Appellants first argue the trial court erred in allowing one of the State's witnesses to testify, allegedly in violation of the pretrial discovery order. It appears from the record that Eldon Tinkle of the Marion Fire Department testified on behalf of the State as to the cause of the fire. Appellants contend his testimony was given in violation of two portions of the pretrial discovery order.

Appellants filed a motion for discovery on January 10, 1979, requesting, *inter alia:*
"1. The names and last known addresses of persons whom the State of Indiana intends to call as witnesses, together with the relevant written or recorded statements, memoranda containing substantially verbatim reports of their oral statements and a list of memoranda reporting or summarizing their oral statements.

.    .    .    .    .

4. Any reports or statements of experts, made in connection with this particular

case, including results of physical or mental examinations and of scientific tests, experiments or comparisons.    .    .    ."
Record at 34. The trial court granted this motion without amendment and ordered the State to comply by January 17. On January 19, the State filed its response, listing "Eldon Tinkle—Marion Fire Department" as one of its witnesses. No additional information was given in the State's response concerning any written statements or memoranda of oral statements made by Tinkle. In response to request number four, the State indicated that it did not have "any reports or statements of experts in custody at the time of this writing." This response was filed ten days before the trial began. Tinkle testified that he gave a copy of his report concerning this fire to the prosecutor one day before he testified. He also testified that he had discussed this case and the results of his investigation with the prosecutor on at least one occasion a few months in advance of the trial.

It appears the State did technically violate the court's discovery order concerning request number one. Apparently, no written statements or memoranda of oral statements were given to appellants, even though Tinkle had discussed the case with the prosecutor before the discovery order was complied with. However, we do not believe this requires a reversal of this case. Tinkle prepared a written report of his investigation. However, this report was not offered or admitted into evidence, and was not available when the State filed its response to the discovery motion. During his testimony, Tinkle referred to notes he had made during the investigation. The trial court held these notes did not fall within the meaning of the discovery order and therefore were not being used in violation of the discovery order. The court also noted that Tinkle's written report would not, in fact, have been admissible, due to the State's failure to disclose the report to the defendants.

Second, appellants cannot reasonably claim they were unfairly surprised by Tinkle's testimony. His name and association

with the Marion Fire Department were listed in the State's response to appellants' discovery motion, and Tinkle was available for a deposition prior to trial, had counsel felt that course of action necessary. Further, in the affidavit of probable cause to support the charging informations, the affiant asserted: "Eldon Tinkle of the Marion Fire Department was called to assist. Some debris was collected for analysis. A sensor indicated some sort of leaded fuel in the debris." Thus, appellants were aware of Tinkle's connection with the case from the time the information was filed. Appellants were not so misled by the State's failure to fully comply with the discovery order that exclusion of the evidence was required to guarantee them a fair trial. *See Reid v. State*, (1978) Ind., 372 N.E.2d 1149.

■ Appellants also argue the State violated the discovery order when it failed to disclose the results of an alleged test performed by Tinkle at the scene of the fire. Tinkle testified that he used an "electronic nose," which could, apparently, detect flammable liquids, and that this device indicated the presence of a leaded fuel in the debris from the fire. The trial court ruled that this did not fall within the meaning of "test" as that term was used in the discovery motion.

Even if we were to find that Tinkle had conducted "tests" within the coverage of the discovery motion, we do not believe the trial court erred in allowing Tinkle's testimony. As noted earlier, appellants were aware of Tinkle's involvement in the case and the State's plans to use him as a witness. They were also aware that a "sensor" was used in the investigation, yet they made no effort to depose Tinkle. Further; they did not ask for a continuance at the point during the trial when they concluded Tinkle's testimony violated the discovery order. *See Gutierrez v. State*, (1979) Ind., 395 N.E.2d 218, 223; *Cochran v. State*, (1978) Ind., 378 N.E.2d 868, 870. Appellants have shown no error here.

## II.

■ Appellants next argue they were subject to "grave peril" during closing arguments by the prosecutor's remark concerning appellants' alibi witness. It appears from the record that Kathy Ashby was the girl friend of appellant McGee, and that McGee lived with Ashby and her children. Ashby testified that appellants were with her at her house at the time the crime was committed. She testified that, while she loved McGee, she had no plans to remarry. During final argument to the jury, the following exchange occurred:

*Prosecutor: . . .*

Now I want to move on to some of the alibi witnesses as they would have you believe. Kathy Ashby, here is a gal that is just living with this guy, you could see what kind of person she was, same kind he is, trash.

*Defense Counsel:* Your Honor, I am going to object to that, that is deprecatory of the witness, there has been no evidence that that is so.

*The Court:* I believe it comes under the guideline of fair comment on the evidence, Mr. Graves, you are allowed to make your own comment as to your interpretation of the evidence.

Record at 178.

■ We think the court was justified in finding the prosecutor's remark to be fair comment, and we do not believe it constituted misconduct. Kathy Ashby's appearance as a witness at trial placed her credibility at issue in this case. As we noted in *Lyda v. State*, (1979) Ind., 395 N.E.2d 776, 780:

"The jury must evaluate the credibility of the witnesses in reaching their verdict. Generally, trial courts instruct juries that they are the sole judges of the credibility of witnesses and, among other things, have a right to consider the appearance of the witnesses as they testify. This, then, is a legitimate area for counsel to cover in final argument, and this reference by the prosecutor . . . was [within the bounds of] fair comment."

Further, even if we were to find that the prosecutor's remark rose to the level of misconduct, we do not believe appellants were thereby placed in a position of grave peril to which they should not have been subjected. This comment was undoubtedly only a small part of the prosecutor's final argument. Appellants raised an alibi defense under Ind.Code § 35–5–1–1 *et seq.* (Burns 1979 Repl.). Ashby, as well as appellants themselves, testified in support of this defense. Thus, as we noted above, they placed themselves in the position of having their credibility and veracity attacked. Further, there was very strong evidence from appellants' cohort that they had participated in the crime. In light of this evidence and the fact that this was the only statement made along these lines, we are not convinced that this isolated comment had a persuasive effect on the jury's decision. We cannot assume that the jury's refusal to believe appellants' alibi defense was due to this comment. Nor can we say that this comment, without more, reveals a deliberate attempt to improperly prejudice the defendants. *Lyda v. State, supra; Rock v. State,* (1979) Ind., 388 N.E.2d 533, 536; *Maldonado v. State,* (1976) 265 Ind. 492, 499, 355 N.E.2d 843, 848. There is no error here.

### III.

Appellants next challenge the sufficiency of the evidence. In support of this argument, they point to alleged inconsistencies in the evidence presented by two of the State's witnesses. They also highlight their presentation of an alibi defense, which they claim was uncontradicted.

Appellants' argument overlooks the fact that this Court will not reweigh the evidence nor judge the credibility of the witnesses or resolve conflicts in the evidence. *Pollard v. State,* (1979) Ind., 388 N.E.2d 496; *Sypniewski v. State,* (1977) 267 Ind. 224, 368 N.E.2d 1359. We will determine only if there was substantial evidence of probative value from which the jury could have found appellants guilty beyond a reasonable doubt. *Deaton v. State,* (1979)

Ind., 389 N.E.2d 293; *Ruetz v. State,* (1978) 268 Ind. 42, 373 N.E.2d 152.

In the case before us, appellants' co-defendant, Paul Denny, testified that Stanley had spoken frequently of "getting back at" his former girl friend, Marlene Spence. Stanley concluded this could best be done by burning down the house in which her son Michael lived. Denny also testified that he believed the house contained some items belonging to him which had allegedly been stolen by Michael Spence's brother. After picking up McGee at his house, the three men returned to Denny's house to obtain the lighter fluid. Denny further testified in detail as to how the three men gained entrance to the house, took property, and then burned the house. In addition, as we noted in Issue I, *supra,* Eldon Tinkle testified that a leaded fuel was used as an accelerant to start the fire. This fully corroborates Denny's testimony that Stanley and McGee started the fire with gasoline from a lawn mower. This evidence, together with the facts noted earlier in this opinion, was sufficient to sustain the convictions in this case.

### IV.

Finally, appellant Stanley contends the sentencing procedure was improper in his case. The trial court sentenced Stanley to ten years for each count. The court also found that aggravating circumstances existed, and therefore sentenced Stanley to an additional ten years on each count. In its findings, the trial court stated:

"By statute the court is to consider the violation of parole or probation in recent periods, history of criminal activity, and considering your prior record I find that those situations exist at the present time, I notice that you have three felony convictions, you escaped from prison at one time, that you apparently now are a parole violator, and on the basis of those findings I am going to find that aggravating circumstances exist. . . . ."

Record at 218. The circumstances to which the court referred were listed on the last page of the presentence report filed by the

Grant County Probation Department. The record reveals that the last page was not included in the copy of the report which was given to Stanley's attorney before the sentencing hearing. Appellant Stanley contends, and we agree, that he was thereby denied an opportunity to refute the information relied upon by the trial court in arriving at the appropriate sentence. West's Ann.Ind.Code § 35–4.1–4–9 (1978) requires that a presentence report must be prepared by a probation officer and considered by the court before the defendant may be sentenced. Further, West's Ann. Ind.Code § 35–4.1–4–13 (1978) states:

*Disclosure of contents of presentence report to convicted person.* Before imposing sentence, the court shall:

(1) advise the convicted person or his counsel and the prosecuting attorney of the factual contents and conclusions of the presentence investigation; or

(2) provide the convicted person or his counsel and the prosecuting attorney with a copy of the presentence report. The sources of confidential information need not be disclosed. The court shall furnish the factual contents of the presentence investigation or a copy of the presentence report sufficiently in advance of sentencing so that the convicted person will be afforded a fair opportunity to controvert the material contained therein.

While the trial court was not bound to consider only those facts listed in the presentence report, *see* West's Ann.Ind.Code § 35–4.1–4–7 (1978), it is clear in this case that the trial court did, in fact, arrive at its sentencing conclusion by considering a portion of the presentence report. It is also clear that this portion of the report was not disclosed to appellant Stanley prior to the hearing, as required by § 35–4.1–4–13. Thus, he had no opportunity to refute the findings contained in that part of the report. Appellant does not contend that those allegations which the court relied upon are untrue. He does not assert, nor do we find, that the sentence imposed was excessive, assuming the facts in the report to be true. Nevertheless, the statute is worded in mandatory terms which the trial court did not follow in this case. Therefore, this case must be remanded for a new sentencing hearing at which Stanley will have a fair opportunity to controvert all of the findings contained in the presentence report.

The conviction of appellant McGee is affirmed in all respects on both counts. Appellant Stanley's conviction is affirmed on both counts with respect to Issues I, II and III. Regarding Issue IV, appellant Stanley's case is remanded to the trial court for further proceedings consistent with this opinion.

All Justices concur.