**Rick V. WARREN, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 3–980–A–283.**

Court of Appeals of Indiana,
Third District.

March 10, 1981.

Charles A. Asher, South Bend, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Judge.

Warren was tried by the court and convicted of attempted criminal conversion, a Class A misdemeanor. IC 35–43–4–3, 35–41–5–1. The court ordered a presentence investigation and a report was duly filed. Prior to the sentencing hearing Warren was furnished a copy of the report except for the last page. At the hearing the judge orally advised Warren of what the judge considered to be the factual matter contained upon the last page of the report, but he withheld as confidential the balance thereof asserting that it constituted the recommendation of the department.[1]  He then fined Warren one hundred dollars and sentenced him for a term of one year.

Warren objected to the refusal to furnish him with either the entire report or disclosure of its full contents. He raises that sole question on appeal urging that he was improperly sentenced. We agree.

Before addressing the substance of his contention, however, we find it necessary to consider a preliminary question not argued by the parties.

The provisions of our criminal code relating to presentence investigations require the filing of a presentence report only in felony cases. IC 35–4.1–4–9, and IC 35–50–2–1 expressly confirms that a Class A misdemeanor is not a felony within the definitions of the code. Should those provisions then render moot any argument by Warren concerning the disclosure and use of the presentence report in his case?

We conclude it should not. A presentence report is theoretically a neutral document for use by the court in determining the appropriate punishment within the statutory guidelines to be imposed upon a particular defendant. *Gardner v. State* (1979), Ind., 388 N.E.2d 513. It is clearly the legislative purpose that the contents of the re-

---

1. There is no contention that the oral advisement at the hearing deprived Warren of the opportunity to controvert the matters disclosed. To permit full appellate review the court included the final page of the report in the transcript in a sealed envelope.

port must be disclosed to the convicted person and that he be given the opportunity to controvert the material presented. IC 35–4.1–4–13; *Gardner, supra,* 388 N.E.2d at 517.

■ Here the court ordered a presentence investigation and fully utilized the presentence report in determining the sentence to be imposed upon Warren. Under such circumstances we feel that IC 35–4.1–4–13, requiring disclosure of the contents of the report to the convicted person, was triggered and that accordingly Warren may assert noncompliance with the statute's requirements.

The statute provides,

"Disclosure of contents of presentence report to convicted person. Before imposing sentence, the court shall:

(1) advise the convicted person or his counsel and the prosecuting attorney of the factual contents and conclusions of the presentence investigation; or

(2) provide the convicted person or his counsel and the prosecuting attorney with a copy of the presentence report. The sources of confidential information need not be disclosed. The court shall furnish the factual contents of the presentence investigation or a copy of the presentence report sufficiently in advance of sentencing so that the convicted person will be afforded a fair opportunity to controvert the material contained therein."

Our Supreme Court recently examined noncompliance with this statute in *Stanley v. State* (1980), Ind., 401 N.E.2d 689, where the Grant Superior Court had also refused to furnish a defendant with the last page of the presentence investigation report. Observing that the defendant was thereby precluded from any opportunity to refute the findings contained in that portion of the report, the Court ordered the case remanded for a new sentencing hearing even though there had been no assertion either that any of the report's allegations were untrue or that the sentence was excessive assuming the facts reported were true.

The state urges us to distinguish *Stanley* from the facts before us upon the basis that the portion of the report ultimately withheld from Warren contained only the recommendations of the probation officer and these should be distinguished from the "factual contents and conclusions of the presentence investigation" which the statute mandates the court to disclose.

■ In approaching our resolution of the question we are, of course, aware that ambiguities in the criminal law must be construed most favorably to the accused. *Shaw v. State* (1965), 247 Ind. 139, 211 N.E.2d 172. The statute in question refers to both the factual contents and the *conclusions* of the presentence investigation. We recognize that a technical distinction may be drawn between concluding from the information gathered about a defendant that he is or is not a good prospect for particular treatment and the affirmative act of recommending that he receive a particular form of sentence. Yet in a more general usage "conclusion" means the act of finishing or bringing to a close [2] and is broad enough to encompass both the generalizations made from the facts reported and their affirmative application in the form of a recommendation.

■ Three reasons persuade us that IC 35–4.1–4–13 should be interpreted to require the requested disclosure.

First, it is clearly the legislative declaration announced in the statute and acknowledged in *Gardner* and *Stanley* that the defendant should have the opportunity to controvert the material contained in the report. If that right is to be fully implemented the defendant should have the opportunity to controvert not only the specific factual details recited, but the conclusion of the reporter voiced as a recommendation that based upon the facts a certain punishment should be imposed.

Secondly, we are not persuaded that the line between "pure" recommendation and

**2.** *See, e. g., Black's Law Dictionary,* (Fourth Ed.).

359

the other forms of conclusion stated in such a report is as bright as the state would have us believe. To exclude recommendations from disclosure may, thus, through inadvertence or design, keep from the defendant factual contents and conclusions which the legislature has declared he is entitled to know. Indeed, it appears to us in the case at hand that the court inadvertently failed to disclose to Warren an item from the page withheld that is factual in nature and that he was entitled to an opportunity to controvert.

Finally, we note our traditional concern that justice should satisfy the appearance of justice. *See, e. g., Mayberry v. Pennsylvania* (1971), 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532. Certainly the matters in question are not a portion of the guilt determination process. They nevertheless may bear heavily upon the court's exercise of its sentencing discretion. The legislature has declared they should be disclosed to the defendant. We best satisfy the appearance of justice by then simply making such disclosure rather than by drawing fine lines which permit the inference that something is to be kept hidden, perhaps from some untoward purpose.

We therefore affirm the conviction, but reverse the judgment and remand for a new sentencing hearing and imposition of sentence.

Remanded.

HOFFMAN, P. J., and STATON, J., concur.