Jerry A. LANG, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 483S118.

Supreme Court of Indiana.

April 19, 1984.

Fredrick J. Hartz, Hartz & Eberhard, LaGrange, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Jerry A. Lang, pled guilty to robbery, a Class A felony, Ind. Code § 35–42–5–1 (Burns 1983 Supp.), and was sentenced to the Indiana Department of Correction for a period of forty-five years. He raises five issues in this direct appeal which we have consolidated into the following three issues:

1. Whether defendant's sentence is so excessive that it constitutes cruel and unusual punishment and an abuse of the trial court's discretion;

2. Whether the pre-sentence report was filed sufficiently in advance of the sentencing to afford defendant a change to review it and whether the comments and opinions in the report violated defendant's right to due process of law; and

3. Whether defendant had a right to counsel during the pre-sentence interview with the probation officer.

A summary of the facts from the record most favorable to the state shows that on May 16, 1982, defendant was staying at a Days Inn Motel in Youngstown, Ohio. He had been visiting his girlfriend there, but he had no money and did not know anyone else in that city. Early in the morning of May 16, defendant noticed an elderly gentleman, Bernard Barush, packing his car and preparing to leave. Defendant started talking to Barush and after Barush told him he was traveling to Illinois, defendant asked if he could ride with him to his uncle's house in Indiana. After they had driven into Indiana, defendant picked up a rock during a rest stop and struck Barush on the head six times. He took Barush's wallet which contained several hundred dollars and dragged Barush's body out of the car. He placed his blood-soaked clothes in a trash bin and drove Barush's car back to Connecticut where he was subsequently arrested. Barush was knocked unconscious during this attack and remained hospitalized for several months.

I.

Defendant first contends that the trial court did not take into consideration the proper criteria for sentencing. He further argues that the sentence imposed is so excessive that it amounts to cruel and unusual punishment and is an abuse of the trial court's discretion. The trial court in this case sentenced defendant to a forty-five year sentence and a fine of ten thousand dollars with the provision that the fine should be suspended during defendant's good behavior provided that he make restitution in a reasonable amount to the victim.

This sentence is clearly within the statutory authority of the trial court since the court has the discretion to enhance the sentence for conviction of a Class A felony as follows:

"A person who commits a class A felony shall be imprisoned for a fixed term of thirty [30] years, with not more than twenty [20] years added for aggravating circumstances or not more than ten [10] years subtracted for mitigating circumstances; in addition, he may be fined not more than ten thousand dollars [$10,-000]."

Ind.Code § 35–50–2–4 (Burns 1979 Repl.).

■ This Court has continually held that when a trial court uses its discretionary power to increase or decrease the basic sentence or impose consecutive terms of imprisonment, the record must disclose what factors were considered by the judge to be mitigating or aggravating circumstances. The record must further show that the determination of the sentence was based upon a consideration of the facts of the specific crime and the relation of the sentence imposed to the objectives which will be served by that sentence. *Tuggle v. State,* (1984) Ind., 457 N.E.2d 1094; *Garringer v. State,* (1983) Ind., 455 N.E.2d 335; *Washington v. State* (1981) Ind., 422 N.E.2d 1218. When a sentence is within statutory limits, this Court is not at liberty to set aside or alter the sentence unless the record indicates a manifest abuse of discretion. *Arnold v. State,* (1984) Ind., 460 N.E.2d 494; *George v. State,* (1980) Ind., 403 N.E.2d 339.

Here, the trial court heard testimony from both the state and the defendant at the sentencing hearing. The judge considered the specific facts of the instant offense, the pre-sentence report and three psychiatric reports. There was ample evidence before the court showing defendant's background, his lack of any prior criminal history, and his expressed remorse for this crime. The court listed the following circumstances which he considered to be mitigating circumstances in this case:

"the fact that the defendant did serve in the United States Navy, received a General Discharge which was upgraded to

Honorable Discharge that he is of young age at age twenty-one (21), that he entered a plea of guilty herein saving the taxpayers unnecessary jury expense...."

He then stated that these mitigating circumstances were outweighed by the aggravating factors:

"the fact that he has an explosive disorder which needs further psychiatric counseling that only an institution could give him ... that the aggravating circumstances the victim was over sixty-five (65) years of age, and the fact that the seriousness of the offense requires that the said offense not be reduced by— should not be depreciated to something of a minor nature."

Here, the record shows that defendant purposefully intended to severely injure the elderly victim, Barush, after Barush had shown a great deal of kindness to him. Evidence before the court showed that the victim never regained the capacity to live a normal life. The age of the victim, the seriousness of the injuries inflicted, and defendant's need for correctional treatment were proper factors for the court to consider. Ind.Code § 35–38–1–7 (Burns 1983 Supp.).

Defendant now contends that the court did not consider all of the factors which were mitigating circumstances in this case and improperly considered other factors as aggravating circumstances. We find no merit to these contentions. Although defendant claims the trial court did not consider his remorse as a mitigating factor, the court did specifically mention the entry of the guilty plea as a mitigating circumstance and this apparently included the court's consideration of defendant's remorse.

■ Other possible mitigating factors which defendant now suggests were present, such as the fact that the crime was the result of circumstances unlikely to recur and that the victim of the crime induced or facilitated the offense, clearly do not apply in this case. There is nothing in the record to show that defendant would not be likely to beat up and rob another helpless victim and Barush's kindness to defendant certainly cannot be interpreted as an inducement to commit the crime. Furthermore, the personal or economic problems which defendant claims he was facing at the time of the offense cannot be considered as mitigating circumstances. Many people face severe stress in their daily lives without resorting to crime as a means of solving their problems.

■ Additionally, defendant argues that the serious nature of the injuries to the victim was considered once as the basis for raising the offense from a Class C felony to a Class A felony and therefore should not have been considered as an additional aggravating circumstance. We have repeatedly held that our statute expressly does not limit the matters that the trial court may consider in determining a sentence. Ind.Code § 35–38–1–7(d); *Vanyo v. State,* (1983) Ind., 450 N.E.2d 524; *McManus v. State,* (1982) Ind., 433 N.E.2d 775. The serious nature of the injuries to the victim in this case was one of the specific facts which the court could consider as an aggravating circumstance. Therefore, all the factors considered by the trial court as aggravating circumstances were proper criteria for the court to use in enhancing defendant's sentence.

■ Finally, defendant argues that the court's finding that he had "an explosive disorder which needs further psychiatric counseling" necessarily implies that confinement in a penal institution was not in the best interests of the defendant and therefore, the sentence was cruel and unusual punishment. There is no merit to this contention as defendant can receive psychiatric counseling without our prison system. The psychiatrists who examined defendant did not find him to be mentally impaired. His mental stress was not so severe that he was relieved from the responsibility for his actions and the appropriate punishment following as a result of those actions.

In light of the nature of the offense and the character of defendant, the sentence here cannot be deemed manifestly unreasonable. It is within the trial court's authority to determine the weight to be given in each case to aggravating and mitigating circumstances and accordingly, to increase or decrease the sentence as provided by the statute. *Dorton v. State*, (1981) Ind., 419 N.E.2d 1289; *Dean v. State*, (1980) 272 Ind. 446, 398 N.E.2d 1270. The record shows that the court did consider the applicable mitigating circumstances but found they were outweighed by the aggravating circumstances. Although defendant argues that the sentence of forty-five years is too severe for one offense, the sentence is clearly within the limits of the trial court's discretion and the court gave sufficient aggravating circumstances to support the imposition of the enhanced sentence. In consideration of the serious injuries inflicted upon the victim and the circumstances in which the crime occurred, we cannot say the sentence is cruel and unusual punishment. We find no error in the sentence imposed.

## II.

Defendant next contends that the presentence investigation report was not filed sufficiently in advance of the sentencing hearing to afford him a chance to review it. The record shows that the report in this case was filed the night before the sentencing hearing at approximately 6:00 p.m. and copies were left for the prosecutor and defense counsel. The sentencing hearing was held at 3:00 p.m. the following day. At the beginning of the hearing, defendant indicated that he had not yet seen a copy of the pre-sentence report and his attorney indicated that he had just received the report that day.

Defendant correctly points out that our statute requires the court to "furnish the factual contents of the presentence investigation or a copy of the presentence report sufficiently in advance of sentencing so that the convicted person will be afforded a fair opportunity to controvert the material included." Ind.Code § 35–38–1–12(b) (Burns 1983 Supp.). The requirements of this statute are clearly based upon the fundamental premise that the sentencing process be objective and fair to each individual defendant. In setting a particular sentence, the trial court must consider all the circumstances of the particular crime and the background of the individual offender and may rely upon relevant information which was not admissible at trial. The defendant retains the right to refute any inaccurate or improper information. *United States v. Tucker*, (1972) 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592; *United States v. Harris*, (7th Cir.1977) 558 F.2d 366; *United States v. Espinoza*, (5th Cir.1973) 481 F.2d 553.

This Court has specifically stated that "a defendant *is* entitled to be sentenced only on the basis of accurate information. The sentence based on materially untrue assumptions violates due process." *Gardner v. State*, (1979) 270 Ind. 627, 638, 388 N.E.2d 513, 520. Following this reasoning, we have held that when there has been no disclosure of the pre-sentence report, or an essential part of it, prior to the sentencing hearing, a defendant is entitled to a new sentencing hearing. *Stanley v. State*, (1980) Ind., 401 N.E.2d 689. However, it is not possible to state that there is a specific deadline for filing pre-sentence reports. Each case must be judged within its own circumstances.

Here, the entire report was available to defendant and his counsel at least several hours prior to the sentencing hearing, even if they were not able to get it the night it was actually filed. While it would be better if trial courts routinely made sure the pre-sentence report was available more than one day before the sentencing hearing, we find no error under the circumstances of this case. Defendant and his attorney both reviewed the pre-sentence report and found no factual discrepancies although they did object to the probation officer's personal evaluations and the severity of the recommended sentence. Copies of other information which the trial

court considered, including a letter from the victim's wife and the psychiatric reports, had been previously furnished to defendant and his counsel. Defendant had no prior criminal history, so there were no facts of that nature for him to refute. Defendant read a lengthy statement during the sentencing hearing concerning his remorse over committing the instant crime, his goals for the future and his new religious faith. His counsel also testified at length about the penalty he believed would be appropriate. Under the circumstances of this case, defendant was afforded a fair opportunity to refute any inaccurate or improper information in his pre-sentence report.

██ Defendant also contends that the contents and scope of the pre-sentence report went far beyond the guidelines of the governing statute, that the probation officer's remarks were highly prejudicial to him and thus the report was contrary to law. He specifically points out that the section on "evaluation" contained conclusory, inflamatory and opinionated statements and that the sentence alternatives recommended by the probation officer were clearly improper. The sentencing recommendation was "permanent commitment to an institution for the criminally dangerous personality, without pardon for the rest of his days," or "commitment to the Department of Corrections, preferably in Arizona for the maximum term."

We agree with defendant that the sentencing recommendation was not within the statutory guidelines and the evaluation section contained several personal opinions rather than neutral and professional observations. However, we find no actual prejudice to defendant as the trial court did not adopt either of the probation officer's recommendations for sentencing and did give sufficient reasons for the sentence finally imposed. Defendant was afforded ample opportunity to be heard and did present to the trial court his own analysis of his motives for commiting the crime and the ways in which he felt he had changed since then. The record shows that the trial court considered the specific mitigating and aggravating factors which were applicable to defendant and did not consider irrelevant or improper factors.

██ It is well settled that the probation officer is given wide discretion to include in the pre-sentence report any matters which are deemed relevant to a determination of the sentence. *Lottie v. State*, (1980) Ind., 406 N.E.2d 632; *Dunkle v. State*, (1981) Ind.App., 425 N.E.2d 185. Due process concerns are satisfied when defendant is given the right to refute any inaccurate part of the report and the trial court lists the reasons for imposing a particular sentence. There is no error in the sentence imposed in this case.

### III.

██ Defendant finally contends that the pre-sentence interview with the probation officer was a critical stage of the proceedings and that he should have had the assistance of counsel at that interview. We do not agree. The United States Supreme Court has held that an accused has the right to assistance of counsel at any critical stage of the prosecution where counsel's absence might derogate his right to a fair trial. *United States v. Wade*, (1967) 388 U.S. 218, 226, 87 S.Ct. 1926, 1932, 18 L.Ed.2d 1149, 1157. These critical stages have been defined as "those links in the prosecutorial chain of events in which the potential for incrimination inheres or at which the opportunity for effective defense must be seized or foregone." *United States v. Anderson*, (3d Cir.1972) 461 F.2d 739, 742.

At the time of the pre-sentence interview, the guilt determination has been concluded and statements which the defendant makes cannot be used to convict him of any crime. No potential for incrimination is present and the final sentencing hearing itself is the proper forum for safeguards where counsel can point out any irregularities in the pre-sentence report. Thus, this Court has specifically found that the pre-sentence interview is not a critical stage of the proceeding requiring the presence of

counsel. *Burch v. State,* (1983) Ind., 450 N.E.2d 528. Other jurisdictions have reached the same conclusion. *Commonwealth v. Burton,* (1973) 451 Pa. 12, 301 A.2d 675; *People v. Burton,* (1973) 44 Mich.App. 732, 205 N.W.2d 873.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.