Marc J. DILLON, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 384S99.

Supreme Court of Indiana.

May 13, 1986.

Susan K. Carpenter, Public Defender, Sheila K. Zwickey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Petitioner, Marc J. Dillon, appeals the denial of his petition for post-conviction relief. Dillon was convicted by a jury of rape, a class B felony, criminal deviate conduct, a class B felony, and confinement, a class D felony. The court imposed concurrent sentences of twenty (20) years imprisonment for each class B felony and four (4) years imprisonment for confinement; the sentences are to be served concurrently. These convictions were affirmed on direct appeal. *Dillon v. State* (1981), Ind., 422 N.E.2d 1188. In his direct appeal, Dillon challenged the sufficiency of the evidence to support his convictions and the admission into evidence of photographs that depicted the victim's injuries.

Dillon sought post-conviction relief alleging the following issues were fundamental errors:

1. that the sentencing court failed to provide a timely and accurate pre-sentence report;

2. that hearsay testimony by a police officer about a prior offense was erroneously admitted as evidence of his prior criminal history at the sentencing hearing;

3. that the trial court made inadequate findings of fact to support enhanced sentences;

4. that these alleged errors caused his sentences to be disproportionate, excessive and therefore to be cruel and unusual punishment; and,

5. that he was denied effective assistance of both trial and appellate counsel because they failed to raise the various alleged sentencing errors.

The post-conviction court specifically found against Dillon on each allegation of error and he again raises the issues on appeal. We affirm.

When appealing the denial of a post-conviction petition, the petitioner has the burden of proof and stands in the shoes of one appealing from a negative judgment. The trial court is the sole judge of the weight of the evidence and the credibility of the witnesses. It is only when the evidence is without conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion, that we will reverse the judgment as being contrary to law. *Young v. State* (1984), Ind., 470 N.E.2d 70.

Dillon's assertion of ineffective assistance of counsel falls within the purview of Post-Conviction Remedy Rule PC(1)(a)(1) as an allegation of fundamental error that violated his Sixth Amendment rights. *Bailey v. State* (1985), Ind., 472 N.E.2d 1260. Because resolution of this argument is interconnected with determination of the other alleged errors, we will address the merits of these issues, even though they were available to Dillon on direct appeal. Id.

Issue I

Dillon argues the pre-sentence report was inaccurate and untimely. He contends that the pre-sentence report inaccurately reflected his social history, including his number of siblings, educational achievements, interests and drug usage. He also claims the pre-sentence report depicted his criminal history in the worst possible light because various felony charges listed in it were ultimately treated as misdemeanors. Furthermore, he asserts the probation officer who prepared the report was biased because she had previously interviewed him and therefore, she intentionally included erroneous information. Dillon concludes that he was denied a fair opportunity to controvert the pre-sentence report.

Ind.Code § 35–38–1–12 provides:

Disclosure of presentence report,—(a) Before imposing sentence, the court shall:

(1) Advise the convicted person or his counsel and the prosecuting attorney of the factual contents and conclusions of the presentence investigation; or

(2) Provide the convicted person or his counsel and the prosecuting attorney with a copy of the presentence report.

(b) The sources of confidential information need not be disclosed. The court shall furnish the factual contents of the presentence investigation of a copy of the presentence report *sufficiently in advance of sentencing so that the convicted person will be afforded a fair opportunity to controvert the material included.* [Emphasis supplied.]

In *Lang v. State* (1984), Ind., 461 N.E.2d 1110, the defendant had not seen the presentence report prior to the hearing, and his counsel had not received the report until the hearing date. This Court there stated:

The requirements of [I.C. § 35–38–1–12(b)] are clearly based upon the fundamental premise that the sentencing process be objective and fair to each individual defendant. In setting a particular sentence, the trial court must consider all the circumstances of the particular crime and the background of the individual offender and may rely upon relevant information which was not admissible at trial. The defendant retains the right to refute any inaccurate or improper information. *United States v. Tucker,* (1972) 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592; *United States v. Harris,* (7th Cir.1977) 558 F.2d 366; *United States v. Espinoza,* (5th Cir. 1973) 481 F.2d 553.

This Court has specifically stated that "a defendant *is* entitled to be sentenced only on the basis of accurate information. The sentence based on materially untrue assumptions violates due process." *Gardner v. State,* (1979) 270 Ind. 627, 638, 388 N.E.2d 513, 520. Following this reasoning, we have held that when there has been no disclosure of the pre-sentence report, or an essential part of it, prior to the sentencing hearing, a defendant is entitled to a new sentencing hearing. *Stanley v. State,* (1980) [273] Ind. [13], 401 N.E.2d 689. However, it is not possible to state that there is a specific deadline for filing pre-sentence reports.

Each case must be judged within its own circumstances. [Emphasis in original] 461 N.E.2d at 1114. While emphasizing that the preferred practice would be to provide pre-sentence reports more than one day prior to the sentencing hearing, this Court found no error since defendant and his counsel had reviewed the report, had not found factual inaccuracies, and had a fair opportunity to refute information in the pre-sentence report.

In the case at bar, the post-conviction court determined: that Dillon had an opportunity to read the pre-sentence report and discuss it with his attorney one-half hour before the hearing; that Dillon was told by his attorney to read it; that before the hearing Dillon did read the report, understood its contents, and discovered matters which he now claims were inaccuracies; and that Dillon failed to inform his attorney or the court of any of the claimed inaccuracies at the time of sentencing.

The record of Dillon's sentencing hearing includes a crime by crime discussion of his extensive prior criminal history. Dillon was charged and convicted in five prior instances. The crimes were: second degree burglary and conspiracy to commit a felony, reduced to third degree burglary and malicious trespass, both misdemeanors; armed robbery and inflicting injury reduced to misdemeanor theft; rape and criminal deviate conduct reduced to misdemeanor battery; disorderly conduct; and drawing a deadly weapon on a police officer. Additionally he had separate felony theft and burglary charges pending when he was sentenced.

■ In sentencing, the trial court may consider a defendant's history of criminal activity. *Page v. State* (1982), Ind., 442 N.E.2d 977. The sentencing court is not required to limit its consideration to charges resulting in convictions, and may even consider pending charges. *Jackson v. State* (1981), Ind., 426 N.E.2d 685.

Dillon's claim of probation officer bias is related to his prior interview with the officer in 1978, in connection with one of his prior offenses. Dillon gave her conflicting

answers at the two interviews, and he now claims he intentionally gave some erroneous answers during the earlier interview. Beyond the factual conflicts, he was uncooperative at the prior interview. The probation officer noted the contrast in his behavior and included information from the prior report in the latter report. She also pointed out discrepancies in his answers between the two interviews and in some cases noted variations between his answers and other sources of information, such as his parent's statements and school's records.

A probation officer has broad discretion to determine what matters will be included in a pre-sentence report and their relevance to a sentencing determination. *Lang v. State,* supra; *Lottie v. State* (1980), 273 Ind. 529, 406 N.E.2d 632, *Halligan v. State* (1978), 176 Ind.App. 463, 375 N.E.2d 1151. Ind.Code § 35–38–1–9 (Burns 1985), particularly subsection (c), expressly authorizes discretion:

> The presentence investigation may include any matter that the probation officer conducting the investigation believes is relevant to the questions of sentence....

We do not find the discretion to be abused. Indeed, the probation officer was simply presenting information about Dillon's prior social and criminal history and his habits as required by statute. I.C. § 35–38–1–9(b)(2).

We remain concerned regarding the limited opportunity for review of the pre-sentence report and opportunity to marshal evidence to rebut claimed inaccuracies. Under other circumstances, a new sentencing hearing may well have been necessary. However, the circumstances of this case support the judgment of the post-conviction court. We therefore deny Dillon's request for a new sentencing hearing.

## Issue II

Dillon claims the court at sentencing erroneously allowed hearsay testimony from an Indianapolis police officer who investigated sex crimes. The officer testified about Dillon's prior rape charge and presented evidence of the facts underlying the charge based upon the victim's statements. The victim was repeatedly raped, she was beaten and Dillon threatened to hit her with a bottle. Dillon argues he was prejudiced by this evidence. However hearsay evidence is admissible at a sentencing hearing. The strict rules of evidence do not apply. *Busam v. State* (1983), Ind. App., 445 N.E.2d 118, *Naked City, Inc. v. State* (1984), Ind.App., 460 N.E.2d 151. The evidence was relevant to Dillon's prior criminal and social history and therefore appropriate for a pre-sentence report pursuant to I.C. § 35–38–1–9(b)(2). We find no error.

## Issue III

Dillon argues the trial court made inadequate findings of aggravating and mitigating factors to support imposition of the maximum sentence. Specifically, he contends the trial court failed to relate the facts of his case to the legal conclusions it drew pursuant to Ind.Code § 35–38–1–7 (formerly I.C. § 35–4.1–4–7.) The trial court stated:

> The reason for the—the presumptive sentence is 10 years. The reason for the adding on the 10 years, giving the maximum sentence of 20 years is because he had pursuant to Indiana Code 35–4.1–4–7, KSub. C [sic][B] and Sub-paragraph 2, 3, and 4 appearing thereunder which will apply to each count, Sub-paragraph 2, he has a history of criminal activity; Sub-paragraph 3, he is in need of correctional or rehabilitative treatment, that can best be provided by his commitment to a penal facility as evidenced by his propensity to violence and to continually get involved with cases involving violence and invasion of personal rights of other people, and number four, imposition of a reduced sentence or suspension of the sentence, and imposition of probation or anything less than the maximum would depreciate the seriousness of the crime. The fact that the victim was injured and subjected to depraved conduct, of the kind that we heard of at the time of the trial was the basis for aggravation here.

The post-conviction court rejected Dillon's contention, finding that the trial court provided specific factors supporting the legal conclusion that the record disclosed such aggravating circumstances and the sentence was properly enhanced.

■ We agree. A trial court is required to make a statement of facts that is particular to the defendant and the crime involved when exercising its discretion to enhance a basic sentence. *Totten v. State* (1985), Ind., 486 N.E.2d 519. In order for us to review the exercise of a trial court's sentencing discretion, we must be made aware of its reasons for imposing a sentence. The trial court should not simply repeat statutory language. Furthermore, such findings are a reflection of the purpose of a sentencing hearing. The purpose of a sentencing hearing is to give the trial court an opportunity to consider the facts and circumstances relevant to the case before it. The findings are to show us that the trial court has availed itself of this opportunity, that it adhered to proper grounds for enhancing, or decreasing, the presumptive sentence and that the sentence is not unreasonable under the circumstances. *Page v. State* (1981), Ind., 424 N.E.2d 1021. Specific findings allow us to review sentences effectively and efficiently.

■ Although our review could have been conducted more efficiently, or perhaps would have been unnecessary, if the trial court had specifically listed Dillon's prior violent crimes and the facts pertaining to the crime before it, the trial court's statement is sufficient. The record shows the trial court examined circumstances and facts relevant to the defendant before it. *Totten v. State*, supra; *Howard v. State* (1984), Ind., 459 N.E.2d 29. The record, notably the pre-sentence report, supports the trial court's factual findings that Dillon had a violent nature and a history of violent personal crime. In turn, these findings support the statutory aggravating factor of prior criminal history. Evidence that the victim was severely beaten and injured supports the factual finding that the victim was injured and subjected to depraved conduct. Both the prior crimes and the victim's injuries support the legal conclusion that Dillon needs correctional or rehabilitative treatment.

## Issue IV

Dillon raises the issue that his sentences are disproportional, unjust and cruel, but it has not been specifically argued in his brief. Nevertheless, we note this issue was predicated on the alleged errors previously discussed *infra*. Because we have found no errors, Dillon's disproportionality allegation is also without merit.

## Issue V

■ A defendant is entitled to reasonably effective assistance of counsel. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, *Bailey v. State* (1985), Ind., 472 N.E.2d 1260. We indulge a strong presumption that counsel's representation was within the range of reasonable professional assistance. *Bailey v. State*, supra. To prove ineffective assistance of counsel, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

Dillon bases his entire ineffective assistance argument upon the alleged failure of his trial and appellate counsel to assert the alleged errors that we have now addressed. Because we find that these issues do not constitute error, Dillon has not been prejudiced by any failure of counsel to previously raise them. The judgment of the post-conviction court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.