Raymond FUGATE, Jr., Appellant,

v.

STATE of Indiana, Appellee.

No. 69A04–8701–CR–3.

Court of Appeals of Indiana, Fourth District.

Nov. 30, 1987.

John P. Schuerman, Schuerman Law Offices, Versailles, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

MILLER, Presiding Judge.

Raymond Fugate, Jr. was charged with Arson, a Class B felony; Burglary, a Class C felony; and Theft, a Class D felony. Fugate pled guilty to the burglary and theft charges and was sentenced to the maximum eight years (five year presumptive sentence enhanced by the maximum 3 years) and four years (two year presumptive sentence enchanced by the maximum 2 years), respectively, to be served consecutively. Fugate was acquitted by jury on the merits of the arson charge. He appeals his sentences and argues the trial court improperly relied upon a presentence investigation report in which the probation officer considered Fugate guilty of arson and, also the trial court itself improperly considered both Fugate's acquittal and the damage to the arson victims as an aggra-

vating factor in sentencing, failing to follow the mandates of IND.CODE 35–38–1–3(3). In addition, Fugate argues his aggregate sentence is manifestly unreasonable.

We vacate the sentences imposed and remand to the trial court with instructions to order a presentence investigation report and recommendation, to conduct a third sentencing hearing, and to resentence Fugate.

FACTS

On the evening of February 20, 1985, Raymond Fugate, Jr. and James A. Sizemore, both 18 years old, entered the Question Mark Auction Barn in Osgood, Indiana through an unlocked rear door. Fugate took a .22 caliber automatic pistol. Sizemore took a number of items including an AM–FM radio tape player, a pair of binoculars, a jewelry box, rolled coins, and several pairs of tennis shoes. Fugate and Sizemore then ran to Sizemore's shed and placed these things inside. Both defendants were intoxicated at the time of the commission of these offenses. Later that evening, unidentified arsonists set fire to the Question Mark Auction Barn, which burned to the ground and was completely destroyed.

Both Fugate and James Sizemore were charged on February 28, 1985 with Arson, a Class B felony; Burglary, a Class C felony; and Theft, a Class D felony. Sizemore pled guilty to Burglary on October 9, 1985 pursuant to a plea bargain agreement with the State in which he agreed to testify against Fugate. Fugate pled guilty to the burglary and theft charges without benefit of a plea bargain agreement. Fugate pled not guilty to the arson charge and elected to go to jury trial.

Ripley County Probation Officer Victoria Ballinger prepared a presentence investigation report which she submitted to the court on November 4, 1985. Ballinger summarized Fugate's social and criminal history. She identified no mitigating factors and found three aggravating factors to be considered in the recommendation for sentence: 1) defendant is in need of correctional treatment that can best be

provided by his commitment to a penal facility; 2) record of unemployment; 3) extensive prior criminal record, including charges pending. Ballinger recommended Fugate receive the maximum sentence of eight years and four years, to be served concurrently. Attached to the presentence investigation report was a lengthy statement from the victims of the theft, burglary and arson, detailing the damage to them resulting from the arson. The victims admitted in their statement that they were unable to separate the damages they sustained from the initial burglary and theft from the far more serious damages sustained from the later arson.[1]

At the first sentencing hearing on November 8, 1985, the trial court sentenced Fugate to the maximum sentence of eight years on the burglary charge and four years on the theft charge, to be served consecutively. On November 19, 1985, the jury found Fugate not guilty of arson on the merits.

Fugate filed a Motion to Correct Errors on January 7, 1986. No hearing was held on this motion. After three different attorneys were appointed by the court as Fugate's counsel and then later withdrew, a fourth counsel was appointed on May 8, 1986. Fugate's fourth attorney filed a Motion to Correct Erroneous Sentence on July 7, 1986 on grounds the trial court had failed to state its reasons for enhancing the presumptive sentence and ordering the sentences to be served consecutively. The court vacated its sentence of November 8, 1985 and scheduled a sentencing hearing for July 11, 1986.

At the second sentencing hearing, Ballinger testified to explain her presentence investigation report and sentencing recommendation originally submitted to the court on November 4, 1985. The record does not indicate that Ballinger reviewed or reconsidered her initial presentence investigation report in light of Fugate's acquittal of the arson charge. Ballinger did file a second sentencing recommendation with the court on July 9, 1985,[2] which again recommended the maximum sentences to be served concurrently. Ballinger admitted on the witness stand that she believed Fugate was guilty of arson despite the jury's acquittal, and that she had considered him guilty of the arson when making her report and recommendations to the court.[3] Fugate testified on his own behalf. In announcing its decision, the trial court made the following statements:

---

1. Bobby and Rita Thomason, owners of the Question Mark Auction Barn, provided a detailed statement to the Probation Officer. This statement was attached as part of the presentence investigation report and included the following admission:

   "I know that we are discussing burglary and theft and not the fire to this point and maybe I have dwelled mainly on the fire but I cannot separate the two and as stated earlier because of the fire we really do not know what was taken."

   Record, p. 42.

2. The Probation Officer's second sentencing recommendation provided, in pertinent part, as follows:

   | STRENGTHS | WEAKNESSES |
   |-----------|------------|
   | [None] | 1). possible drug and alcohol abuser. |
   | | 2). prior criminal record. |
   | | 3). presently on probation. |
   | | 4). nature of crime—possibility of resulting in serious bodily injury. |

   Raymond Fugate Jr. is in need of correctional treatment that can best be provided by incarceration for the offenses of Burglary and Theft. I find the following aggravating circumstances: prior record, violation of probation, and seriousness of crime. There are no mitigating circumstances and this justifies maximum sentencing on both counts. Due to the fact these are related crimes, time should be served concurrently.

   Burglary Class C Felony, Theft Class D Felony, 8 years served."

3. "A. (by Victoria Ballinger, Probation Officer) Right, I considered the circumstances surrounding these offenses. When considering number four (4), nature of the crime.

   Q. (by Defense Counsel) What, what circumstances did you consider?

   A. The arson involved.

   Q. The arson, did he go to trial on that arson?

   A. Yes.

   Q. And what was the result?

   A. He was found not guilty.

   Q. But you are still telling the Court today, you are still considering those circumstances in your recommendation?

   A. Pause.

   Q. Even though the man was acquitted by a jury, is that correct?

   A. Yes."

"BY THE COURT: Well, the Prosecutor stated that he didn't find it pleasant to send anyone to prison, the Court doesn't either. Uh, Mr. Bender what will be the age of the release of this defendant under the present, under the sentence that was just set aside?

DEFENSE COUNSEL: I guess that is June of Ninety One (91), uh, is that Twenty Five (25). Probably Twenty Five (25) years of age, Your Honor. That's with good time.

PROSECUTOR: Considering he is not released. (Unintelligible).

DEFENSE COUNSEL: Work release. Twenty Five (25) or Twenty Six (26), Your Honor. In essence, taking away his youth.

BY THE COURT: I am also considering, rehabilitative potential, also feel that there is no sentence, however severe, however minor, that would be fair to the victims. There is no, nothing that this Court can do to place them in the position they were before this, these crimes were committed. Uh, well, the Court will find aggravating circumstances being the prior criminal record, uh, as shown on the Probation Officer's report, and the seriousness of these two (2) crimes.

DEFENSE COUNSEL: The D Felony, the theft of a Twenty Two (22) caliber and going into a building. Seriousness of those two (2) offenses.

BY THE COURT: Burglary and theft and uh, so, I will sentence you on the burglary charge to a term of eight (8) years and the theft charge to a term of four (4) years. Those sentences to run consecutively Mr. Prosecutor is there anything else the Court needs to do in this matter.

PROSECUTOR: Not that the State is aware of Your Honor.

BY THE COURT: You will prepare.

PROSECUTOR: Yes sir."

Record, p. 218–219.

The trial court entered the following pronouncement of sentence on August 14, 1986:

"The defendant, having entered a plea of guilty which was accepted by the court on the 28th day of October, 1985, and the court having entered judgment of conviction for the crimes of Count I, Burglary Class C Felony and Count II, Theft, Class D Felony, and having considered the written pre-sentence report, now sentences the defendant as follows:

The defendant shall be committed to the custody of the Department of Correction for classification and confinement for a period of eight (8) years on Count I, Burglary, Class C Felony and four (4) years on Count II, Theft, Class D Felony, said sentences are to run consecutively.

Defendant shall pay court costs.

The reasons for the imposition of the sentences are as follows:

The aggravating circumstances outweigh any mitigating circumstances that exist and warrant an increase of sentence; and

The aggravating circumstances which are peculiar to the defendant and the crimes are as follows: his prior criminal record, and by the circumstances surrounding these crimes all as shown by the pre-sentence investigation."

Record, p. 124.

## ISSUES

Fugate raises two issues for consideration:

I. Whether the trial court committed reversible error in relying upon an improper presentence investigation report in which the probation officer abused her discretion by admittedly considering the defendant guilty of the crime of arson and considering the damage to the victims of the arson when the defendant had been acquitted by jury of arson.

II. Whether Fugate's aggregate sentence is manifestly unreasonable.

## DECISION

### I. *Sentencing Error*

■■ Fugate maintains the trial court erred in relying upon an improper presen-

tence investigation report and claims this report was improper because its author, Probation Officer Ballinger, included a statement of the damage to the victims due to arson, a crime of which Fugate was acquitted. Fugate argues the presentence investigation report should have limited the victim's statement to damages suffered as a result of the theft and burglary. Fugate also points to the sentencing hearing testimony of Ballinger that she considered Fugate guilty of arson when she made her report and recommendation regarding sentencing. At the second sentencing hearing, Fugate objected to Ballinger's testimony and moved to strike her sentence recommendation. The trial court denied this motion. Fugate notes the trial court specifically stated it was considering the presentence investigation report and included it by reference in the sentencing order, when it commented "No sentence, however severe or minor, would be fair to the victims" and "there is ... nothing that this court can do to place them in the position they were before this, these crimes were committed." Fugate argues that although Ballinger admitted, to her credit, that she considered Fugate guilty of arson, she nevertheless recommended the maximum terms for burglary and theft be served concurrently. Fugate maintains the trial court considered Fugate guilty of the arson, and sentenced him to the maximum terms for burglary and theft to be served consecutively because of the victims' and Ballinger's reports.

The State responds that the trial court's sentence is adequately supported by the four aggravating factors listed by the court at the sentencing hearing: (1) the defendant's rehabilitative prospects were not good; (2) no sentence would be fair to the victims; (3) the defendant's prior criminal acts; and (4) the seriousness of the crimes. We find error in the actions of the trial court in relying upon and adopting the

probation officer's report in enhancing Fugate's sentence.

In *McNew v. State* (1979), 271 Ind. 214, 391 N.E.2d 607, our supreme court addressed the question of whether a trial court judge could properly use acquittals to enhance the presumptive sentence. Justice Hunter, writing for the court, concluded past acquittals may not be used to enhance the presumptive sentence for a current conviction. He reasoned:

> "A not guilty judgment is more than a presumption of innocence; it is a finding of innocence. And the courts of this state, including this Court, must give exonerative effect to a not guilty verdict if anyone is to respect and honor the judgments coming out of our criminal justice system."

*McNew, supra,* 391 N.E.2d at 612. *See also Anderson v. State* (1983), Ind., 448 N.E.2d 1180 (trial judge could not properly use acquittals to enhance the presumptive sentence); 96 A.L.R.2d 768 § 7(b) Acquittals, and cases cited therein.[4]

In *Townsend v. Burke* (1948), 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690, the Supreme Court reversed Townsend's conviction where the record revealed that he had been acquitted of two of the five charges used to enhance his sentence. Justice Jackson, writing for the court stated:

> "... this prisoner was sentenced on the basis of assumptions concerning his criminal record which were materially untrue. Such a result, whether caused by carelessness or design, is inconsistent with due process of law, and such a conviction cannot stand."

*Townsend, supra,* 334 U.S. at 741, 68 S.Ct. at 1255.

Our supreme court has also repeatedly recognized that "a defendant is entitled to be sentenced only on the basis of accurate information. The sentence based on mate-

---

**4.** *But see, Lottie v. State* (1980), 273 Ind. 529, 406 N.E.2d 632, 640; *Misenheimer v. State* (1978), 268 Ind. 274, 374 N.E.2d 523, 532 (in *Misenheimer,* the supreme court found no error where the probation officer included consideration of acquittals in the presentence report, but the trial court did not rely upon the report in

making its sentencing decision; in *Lottie,* the court stated "We held in *Misenheimer* ... that charges which were dismissed or resulted in acquittals were part of the criminal history and, therefore, proper for the court to consider at sentencing").

rially untrue assumptions violates due process." *Dillon v. State* (1986), Ind., 492 N.E.2d 661; *Lang v. State* (1984), Ind., 461 N.E.2d 1110; *Stanley v. State* (1980), 273 Ind. 13, 401 N.E.2d 689; *Gardner v. State* (1979), 270 Ind. 627, 388 N.E.2d 513. We find Fugate was sentenced on the basis of assumptions concerning his criminal record and the nature of the crime which were materially untrue; *e.g.* that he was guilty of arson and responsible for the damages to the victims resulting from the fire destruction of their business. These untrue assumptions were made by the victims and by the probation officer, and included in the probation officer's presentence investigation report.

The trial court need not base its sentencing determination on the presentence investigation report or upon the probation officer's sentencing recommendation. *Jenkins v. State* (1986), Ind., 492 N.E.2d 666 (trial court is under no obligation to follow the recommendation set out in the presentence report). However, here the trial court expressly relied upon this report and recommendation in its pronouncement of sentence. The defense counsel objected to the report as biased and prejudicial and moved to strike it from the record. The trial court erred in relying upon this information in pronouncing sentence.

*Lang v. State* (1984), Ind., 461 N.E.2d 1110, provides that "due process concerns are satisfied when the defendant is given the right to refute any inaccurate part of the [presentence] report and the trial court lists the reasons for imposing a particular sentence." Due process protection does not cease simply because the true facts are revealed. The right to refute inaccurate information is meaningless when the defendant, as in this case, is sentenced on the basis of refuted but untrue assumptions. Despite Fugate's acquittal, the probation officer continued to believe Fugate guilty of arson and based her presentence report and sentence recommendation upon this untrue assumption. By adopting the presentence report, the trial court sentenced Fugate on the untrue assumption that he was guilty of committing arson and responsible for the damage to the victims resulting

from this arson. Because acquittals on the merits may not be used as an aggravating factor in the sentencing process, Fugate was denied the right to be sentenced on the basis of materially true assumptions. To hold otherwise would violate the due process clause and implicate the double jeopardy provision of the federal constitution.

## II. *Manifestly Unreasonable Sentence*

▮ In *McNew*, cited earlier for the proposition that the court may not consider prior acquittals as an aggravating factor to enhance the presumptive sentence of a current conviction, our supreme court concluded:

> "While one item was improperly considered by the judge in pronouncing sentence, we cannot say that the sentence is 'manifestly unreasonable in light of the nature of the offense and the character of the offender.' Ind.R.App.Rev.Sen. 2(1). Accordingly we shall not revise the sentence in this case."

*McNew*, 391 N.E.2d at 612.

Having found the trial court improperly considered Fugate's acquittal on the merits of the arson charge to enhance his sentences for burglary and theft, it is now our responsibility, under *McNew*, to determine whether we should exercise our authority, under the Indiana Rules of Appellate Review of Sentences, to revise Fugate's sentence.

Under Rule 2 of said Rules, this Court will not revise a sentence authorized by statute unless the sentence is manifestly unreasonable. A sentence will not be considered manifestly unreasonable unless no reasonable person could consider such sentence appropriate for the particular offense and offender. In *Fointno v. State* (1986), Ind., 487 N.E.2d 140, and *Cunningham v. State* (1984), Ind.App., 469 N.E.2d 1, *trans denied*, our courts have formulated a two-step procedure for applying this rule. If upon initial review of the record the appellate court determines the sentence may be manifestly unreasonable, the reviewing court will then peruse the record to determine, in light of all the factors relevant to

the sentence, whether the sentence imposed was manifestly unreasonable. The Supreme Court addressed the appellate court's function under *Fointno* in *Spranger v. State* (1986), Ind., 498 N.E.2d 931 and stated:

"If upon initial review of the record the reviewing court determines the sentence may be manifestly unreasonable, the court should undertake a thorough analysis of all the factors in the record relevant to sentencing and then determine whether no reasonable person could find such sentence appropriate to the particular offense and offender."

*Spranger*, 498 N.E.2d at 949.

Upon initial review of the record, we found the trial court committed error in sentencing Fugate on the basis of materially untrue assumptions. Therefore, it appears Fugate's sentence may be manifestly unreasonable.

The record reveals the following potential mitigating factors which were overlooked by both the probation officer and the trial court:

1) Fugate was 18 years old at the time of the commission of these crimes, Record, p. 187;

2) his prior record consisted only of juvenile offenses and/or offenses involving alcohol, Record, p. 37;

3) Fugate was intoxicated when he committed the burglary and theft as spontaneous criminal acts, Record, p. 193;

4) these crimes, burglary and theft, neither caused nor threatened serious harm to persons, Record, p. 118; or to the building as Fugate entered through an unlocked rear door, Record, p. 39;

5) Fugate now admits he is an alcoholic and has sought treatment for this disease while incarcerated, Record, p. 198–99;

6) Fugate has responded affirmatively to his term of imprisonment, Record, p. 196–99.

7) the burglary and theft are related crimes and were committed in one incident, Record, p. 37 and 193.

The record also discloses the following aggravating circumstances:

1) prior criminal history includes four juvenile offenses and three alcohol-related offenses committed at the ages of 18 and 19, Record, p. 37;

2) the item stolen by Fugate was a .22 caliber gun, Record, p. 37.

Considering the particular offenses, burglary and theft, and the specific offender, Fugate, we conclude no reasonable person would consider the maximum determinate sentence, to be served consecutively, appropriate. Our legislature, in passing our sentencing statutes, intended to create a rational punishment system which would provide the most severe punishment when the nature and circumstances of the crime and the character of the offender are most serious. The maximum sentences for burglary and theft, and consecutive sentences, should be reserved for those defendants who demonstrate multiple and/or serious aggravating factors coupled with few or no mitigating factors. Fugate, a first-time felony offender, clearly does not fall into this category so we conclude his sentence of 12 consecutive years for burglary and theft is manifestly unreasonable.[5]

Reversed and remanded.

**5.** The writer of this opinion believes this court's final responsibility is to revise Fugate's sentence. However, my two concurring colleagues do not agree, and read Rules for Appellate Review of Sentences, Rule 2(1) as permitting but not requiring this court to revise a sentence which has been found to be manifestly unreasonable. My review of the record discloses the seven mitigating factors and two aggravating factors stated above. I do not agree with the trial court that the defendant's rehabilitative prospects are not good. Fugate has admitted his alcoholism, has sought treatment while incarcerated, and has responded well to his first imprisonment. I also do not agree with the trial court that no sentence would be fair to the victims. The victims conceded in their statement that they do not even know what was stolen. Fugate entered through an unlocked rear door and caused no damage to the building. While I sympathize with the victim's losses due to the arson, there appears to be very little damage to the victims as a direct result of the burglary and theft. The trial court's statements regarding the seriousness of the crimes is unclear. I find the crimes to be serious only because the item Fugate took was a gun. Because of the potential use of this item, its theft is

BUCHANAN, J., concurring with separate opinion.

CONOVER, J., concurring in result without opinion.

BUCHANAN, Judge, concurring.

I concur solely on the basis that it appears from the record that the trial court committed reversible error by relying upon an improper presentence investigation report as the justification for enhancing Fugate's sentence. Therefore, the pronouncement of sentence should be reversed and this case remanded to the trial court for resentencing.

more serious than the theft of tennis shoes or a radio.

Although I have identified numerous mitigating factors, I would find the two aggravating factors, Fugate's prior juvenile and criminal record and the fact that the item stolen was a .22 caliber gun, outweigh the seven mitigating factors and warrant some enhancement of the presumptive five and two year terms to be served concurrently for burglary and theft. I would therefore vacate Fugate's sentence and remand to the trial court with instructions to enhance the presumptive five year sentence for burglary by one year, enhance the presumptive two year sentence for theft by one year, and order the two sentences to be served concurrently.