STATE of Indiana on the Relation of Jack F. CRAWFORD, Prosecuting Attorney for the 31st Judicial Circuit, Relator,

v.

The SUPERIOR COURT OF LAKE COUNTY, CRIMINAL DIVISION, ROOM II, and the Honorable James E. Letsinger, as Judge Thereof, Respondents.

No. 45S00–8903–OR–00240.

Supreme Court of Indiana.

Feb. 6, 1990.

Thomas W. Vanes, Deputy Pros. Atty. for the 31st Judicial Circuit, Crown Point, for relator.

T. Edward Page, Court Comm'r, Superior Court of Lake County, Crim. Div., Crown Point, for respondents.

SHEPARD, Chief Justice.

Former Lake County Prosecutor Jack Crawford sought a writ of mandamus and prohibition to compel a trial court to vacate certain discovery orders. We denied the writ and now memorialize the basis for our denial.

These proceedings stem from *State v. Michael Lee Lockhart*, a capital case. At Lockhart's initial hearing on February 2, 1989, Lake Superior Court Judge James E. Letsinger entered a discovery order directing the parties to produce, among other materials, the "names and addresses of all witnesses either party intends to call at hearings or trial, together with the witnesses' written or recorded statements." Record at 18. The prosecutor responded by asserting a work product privilege with respect to statements contained in police reports. He did, however, offer Lockhart's

counsel the opportunity to review the reports for exculpatory material.

Eight days later, on February 10, 1989, defense counsel filed a motion to compel discovery which challenged the scope of the work product privilege, listed other death penalty cases in which the prosecutor had provided police reports, and claimed that Lockhart's due process rights would be violated if copies of the police reports were not provided prior to trial. The State responded by reasserting the work product privilege and withdrawing the offer of inspection. On March 1, 1989, Judge Letsinger ordered the State "to produce for inspection by the defense counsel statements by witnesses to police officers which have been reduced to writing in the form of written reports by the police officers." Record at 41. When the deputy prosecutor refused to comply with the order, Judge Letsinger held him in direct contempt and fined him $1000. The judge subsequently granted the prosecutor a brief stay of execution but denied his motion to vacate the discovery order. The prosecutor brought this original action.

█ In his brief in support of the petition for a writ of mandamus and prohibition, the prosecutor argued that the trial court judge did not have jurisdiction to order production of substantially verbatim pre-trial witness statements because defense counsel had not laid a proper foundation in accord with *Antrobus v. State* (1970), 253 Ind. 420, 254 N.E.2d 873.

In *Antrobus,* after a State's witness had testified, the defendants sought pre-trial witness statements for use in cross-examination and impeachment. We set out the following guidelines for laying a foundation to justify production:

An adequate foundation is laid when: (1) The witness whose statement is sought has testified on direct examination; (2) A substantially verbatim transcription of statements made by the witness prior to trial is shown to probably be within the control of the prosecution; and, (3) The

statements relate to matters covered in the witness' testimony in the present case.

*Id.* at 427, 254 N.E.2d at 876–77. The prosecutor specifically argues that an *Antrobus* foundation is required here because of our comment in *Dillard v. State* that "the trial court has the power to permit the pre-trial production of such [substantially verbatim witness] statements upon the laying of an *Antrobus*-type foundation tailored to fit the pre-trial situation and such a trial court order would not be an abuse of discretion." *Dillard v. State* (1971), 257 Ind. 282, 294, 274 N.E.2d 387, 393.

Judge Letsinger has responded to the request for a writ by asserting that it was within his discretion to presume an *Antrobus* foundation from the list of anticipated trial witnesses filed with the prosecutor's written response to discovery. He states that there is little purpose in requiring the defendant to lay any further foundation prior to the disclosure of the witness statements.

We recently addressed the discovery of a witness' pre-trial statement for trial preparation in *Hicks v. State* (1989), Ind., 544 N.E.2d 500.[1] There we stated:

[B]ecause of the potential role of verbatim witness statements as items of substantive evidence under the rule of *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482, such statements must be viewed as akin to other potential exhibits such as photographs, videotapes, handwriting exemplars, diagrams and other physical evidence the discoverability of which is unquestioned even if prepared by or at the direction of counsel.

*Hicks,* 544 N.E.2d at 504. Defense counsel need not lay a special foundation to discover any of the potential exhibits listed for pre-trial preparation. For purposes of pre-trial discovery, substantially verbatim witness statements are simply potential evidence. A list of anticipated trial witnesses in the State's written discovery answer is sufficient information to justify a trial

---

**1.** Although we had not yet published an opinion, *Hicks* was pending before the Court when this writ was filed.

court's belief that the witnesses named will testify and that their statements to police were relevant to the issues in the case. A trial court judge, consequently, has discretion to presume an *Antrobus* foundation and order production of statements for pre-trial preparation. We conclude that Judge Letsinger acted within his discretion.

▮ The prosecutor also argues that witness statements are not discoverable because police reports are protected by the attorney work product doctrine under *State ex rel. Keaton v. Circuit Court of Rush County* (1985), Ind., 475 N.E.2d 1146. The trial judge in *Keaton* ordered a prosecutor to produce verbatim copies of entire police reports. We granted the prosecutor's request for a writ, holding:

> [A] trial court in a criminal proceeding does not have the inherent power to order production of verbatim copies of police reports over the timely work product objection of the prosecuting attorney.

*Id.* at 1148. Police reports, not witness statements, were the issue in *Keaton.* The work product privilege which generally protects police reports from pre-trial discovery does not protect substantially verbatim witness statements from pre-trial discovery. *Hicks*, 544 N.E.2d at 504.

▮ The working world of criminal investigation generates a considerable variety of documents. "Substantially verbatim witness statements," generally discoverable under *Hicks*, are those statements which purport to be the actual words of the witness, reduced to writing as the witness spoke or shortly thereafter or transcribed from a tape recording. Documents fitting this definition would typically contain little but the words of the witness and would normally be written in the first person. "Police reports," protected under *Keaton*, are the officer's record of his investigation. These are commonly typed from notes or tape-recorded dictation of the officer. Documents fitting this definition would typically be written from the officer's perspective. Where an officer's opinions, impressions, and theories are interspersed with verbatim statements by a witness, in-camera inspection by the trial court should permit the

court to determine whether a document is essentially a verbatim statement and therefore discoverable or essentially a police report containing occasional quotations and thus privileged.

Upon these grounds, we deny the petition for a writ.

DeBRULER and DICKSON, JJ., concur.

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion in this case.

In the brief filed by the respondents in this case, it is stated:

> "At the hearing on defendant's motion to compel discovery, the respondent court ordered the prosecuting attorney to provide the defendant with an inspection of statements by witnesses to police officers which were reduced to writing in the form of written reports by police officers."

By this statement, the respondent court acknowledges that its order goes beyond the requirement to produce statements by witnesses, either written or recorded.

The majority is correct in observing that written or recorded statements of witnesses, which are in the possession of the prosecutor, may be ordered produced for the defendant's examination. However, a reasonable interpretation of the court's order in this case goes far beyond such a requirement.

In the case at bar, the prosecuting attorney correctly interpreted the judge's ruling to mean that all police reports must be turned over to the defense counsel in order that they might search those reports to find any statement which potential witnesses might have made to the investigating police officers. The prosecuting attorney is correct in his observation that to allow defense counsel to inspect all police reports under the guise of searching for statements by prospective witnesses is a violation of *Tolbert v. State* (1979), 271 Ind. 269, 391 N.E.2d 823.

Because the order of the trial court goes beyond the observations made in the major-

ity opinion, I would remand this case to the trial court with instructions to confine the order to require production of specific statements made by prospective witnesses. I would issue a writ of prohibition against any order requiring the State to produce the records of investigating police officers.

PIVARNIK, J., concurs.