STATE of Indiana, Appellant–Plaintiff,

v.

Robin D. BARKDULL, Appellee–
Defendant.

No. 44A03–9808–CR–355.

Court of Appeals of Indiana.

March 31, 1999.

Jeffrey A. Modisett, Attorney General of Indiana, Randi E. Froug, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellant.

Susan K. Carpenter, Public Defender of Indiana, J. Michael Sauer, Deputy Public Defender, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BAILEY, Judge

### Case Summary

Appellant–Plaintiff State of Indiana ("State") initiated this interlocutory appeal from a trial court's order compelling the prosecutor to produce the police reports for inclusion in the probation department's presentence report. We reverse.

### Issue

On appeal, the parties raise two issues for review; however the dispositive issue may be restated as whether the trial court abused its discretion by ordering the prosecutor to produce the police reports regarding Barkdull's offense after accepting the defendant's plea of guilty pursuant to a written plea agreement.

### Facts/Procedural History

On June 1, 1998, Robin Barkdull ("Barkdull") pled guilty to Theft, a class D felony [1]

1. IND.CODE § 35–43–4–2.

pursuant to the terms of a plea agreement which provided that Barkdull would receive a suspended sentence. The trial court accepted Barkdull's plea and entered a judgment of conviction, but then took the plea agreement under advisement. Additionally, the trial court set a date for sentencing and directed the probation department to prepare a pre-sentence report.

In its pre-sentence report, the probation department recommended that the trial court reject the suspended sentence outlined in Barkdull's plea agreement and impose a three-year executed sentence. It was the opinion of the probation department that the suspended sentence was inappropriate in light of Barkdull's criminal history. Noticing that the pre-sentence report did not include a copy of the arresting officer's report, the trial court ordered the prosecutor to forward any police reports to the probation department regarding Barkdull's offense. The prosecutor vigorously objected to the disclosure of the police reports, arguing that the reports were privileged. The trial court overruled the prosecutor's objection. This interlocutory appeal ensued.

### Discussion and Decision

#### Standard of Review

■ The trial court has a duty to manage and control the proceedings before it. *Williams v. State*, 669 N.E.2d 1372, 1378 (Ind.1996), *cert. denied*, 520 U.S. 1232, 117 S.Ct. 1828, 137 L.Ed.2d 1034 (1997). This Court will not interfere with the trial court's authority unless an abuse of discretion is present. *Id.; Williams v. State*, 690 N.E.2d 162, 169 n. 11 (Ind.1997).

#### Analysis

■ Sentencing is left to the sound discretion of the trial court. *Dixon v. State*, 685 N.E.2d 715, 717 (Ind.Ct.App.1997). Inherent in the trial court's sentencing authority is the fundamental premise that the sentencing process be objective and fair to each individual defendant. *Dillon v. State*, 492 N.E.2d 661, 663 (Ind.1986) (quoting *Lang v. State*,

461 N.E.2d 1110, 1114 (Ind.1984)). In exercising this authority, the trial court may consider relevant information which was not admissible at trial. *Id.* Additionally, where a timely objection has been made, our supreme court has provided the trial court with authority to review questionable evidence in camera. *State ex. rel Crawford v. Superior Court of Lake County*, 549 N.E.2d 374, 376 (Ind.1990). This review encompasses objections to the admissibility of police reports. *Id.*

The trial court made the request for the police reports in conjunction with its sentencing authority. As such, the court had the authority to request and examine any matters, including police reports, for inclusion in pre-sentence reports.[2] However, this request was made after the trial court had accepted the guilty plea which was made pursuant to a plea agreement.

■ Having accepted the plea and entered a judgment of conviction in conjunction with a plea agreement, the trial court had only the authority to sentence Barkdull according to the terms of the plea agreement. *See Steele v. State*, 638 N.E.2d 1338, 1339 (Ind.Ct.App.1994) (a court may not accept a plea of guilty without accepting the agreement and its terms). The statute governing plea agreements provides that "[i]f the court accepts a plea agreement, it shall be bound by its terms." *Freije v. State*, 709 N.E.2d 323, 324 (Ind.1999) (quoting IND.CODE § 35–35–3–3(e)). If the trial court was not satisfied with the terms of the plea agreement, its option was to reject the guilty plea, and set the case for trial. Alternatively, the court could have taken both the guilty plea and the agreement under advisement. *See* IND.CODE § 35–35–3–3(e); *Reffett v. State*, 571 N.E.2d 1227, 1229 (Ind.1991). Consequently, we find that the trial court abused its discretion because it did not have the sentencing authority under these circumstances to order the prosecutor to produce the police reports for examination and possi-

---

**2.** *See* IND.CODE § 35–38–1–9(c)(1) (The pre-sentence investigation and report must include any matters that the court directs to be included).

ble inclusion in Barkdull's pre-sentence report.

We reverse the order of the trial court directing the prosecutor to produce the police reports regarding Barkdull's offense.

Reversed.

NAJAM, J., and SHARPNACK, C.J., concur.