**George KOTSOPOULOS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 02A03–9412–CR–431.

Court of Appeals of Indiana.

Aug. 10, 1995.

Rehearing Denied Nov. 15, 1995.

Transfer Denied Jan. 9, 1996.

M. Robert Benson, Benson, Pantello, Morris & James, Fort Wayne, for appellant.

Pamela Carter, Atty. Gen., Janet L. Parsanko, Deputy Atty. Gen., Indianapolis, for appellee.

**OPINION**

GARRARD, Judge.

George Kotsopoulos (Kotsopoulos) pled guilty to resisting law enforcement, a class A misdemeanor, attempted battery, a class A misdemeanor, and operating a motor vehicle while intoxicated, a class A misdemeanor. Consistent with the plea agreement, the trial court ordered Kotsopoulos to pay restitution to the victim. Kotsopoulos raises several issues concerning this restitution.

### FACTS

Indiana State Trooper Gary Gerardot stopped Kotsopoulos for a moving traffic violation on July 24, 1992. Kotsopoulos became uncooperative and combative. During an attempt to subdue Kotsopoulos, Officer Gerardot grabbed him in a headlock position. The two then fell to the ground. Officer Gerardot sustained an injury to his left arm and shoulder resulting in a 30% strength loss on his left and predominant side.

The state charged Kotsopoulos with three counts: resisting law enforcement, a class D felony,[1] (Count I); attempted battery, a class A misdemeanor, (Count II); and operating while intoxicated, a class A misdemeanor, (Count III). Pursuant to a negotiated plea agreement, Kotsopoulos pled guilty to resisting law enforcement, as a class A misdemeanor rather than a felony, and to Counts II and III as charged. This agreement provided that Kotsopoulos would make full restitution to the officer. The trial court sentenced Kotsopoulos to a suspended one year term on each count, to run consecutive to one another. The court also placed him on probation for 1½ years. Finally, the court continued the cause for determination on the issue of restitution.

Thirteen months later the court held a hearing on the issue of restitution and ordered Kotsopoulos to pay $5,958.28. The court denied Kotsopoulos' motion to correct errors.

1. Resisting law enforcement is a class D felony if, while committing it, the person inflicts bodily injury on another person. Ind.Code § 35-44-3-3(b)(1) (West Supp.1994).

## ISSUES

I. Whether the restitution order is contrary to law.

II. Whether the court erred in admitting hearsay evidence.

III. Whether the restitution order is unsupported by evidence.

## DISCUSSION & DECISION

I.

█ A trial court has the authority to order that one convicted of a crime make restitution to the victim as part of his sentence. *Reinbold v. State* (1990), Ind., 555 N.E.2d 463, 469. The relevant statute provides that:

In addition to any sentence imposed under this article for a felony or misdemeanor, the court may, as a condition of probation or without placing the person on probation, order the person to make restitution to the victim of the crime. The court shall base its restitution order upon a consideration of:

.　　.　　.　　.　　.

(2) medical and hospital costs incurred by the victim (before the date of sentencing) as a result of the crime.

Ind.Code § 35–50–5–3(a) (West Supp.1994).

Kotsopoulos contends that the trial court's restitution order is contrary to the statute. Specifically, he argues that the court erred by considering Officer Gerardot's medical expenses which were incurred after the initial hearing on April 20, 1993. He argues that only those medical expenses incurred "before the date of sentencing" may be included in the restitution order, and that his sentencing occurred on April 20, 1993.

█ In specific cases, a trial court may determine restitution is necessary to correct a defendant's behavior. Courts utilize restitution to impress upon a criminal defendant the magnitude of the loss he has caused and his responsibility to make good that loss as completely as possible. These are traditional goals in sentencing a defendant. Thus, an order of restitution is as much a part of a criminal sentence as a fine or other penalty. *Dupin v. State* (1988), Ind.App., 524 N.E.2d 329, 331, (overruling on other grounds recognized by *Walker v. State* (1991), Ind.App., 582 N.E.2d 877), *citing Miller v. State* (1986), Ind., 502 N.E.2d 92. *See also Reinbold v. State*, 555 N.E.2d at 469 (stating that I.C. § 35–50–5–3(a) gives a trial court authority to order restitution as a part of a criminal sentence).

█ We agree that only those medical expenses incurred by the victim before the date of sentencing may be included as restitution. The facts of this case, however, do not support Kotsopoulos' selection of April 20, 1993, as his sentencing date. The court specifically continued the sentencing hearing on April 20, 1993 as to the issue of restitution. The final component of Kotsopoulos' sentence was the court ordered restitution, and this was not concluded until the hearing on May 20, 1994. Therefore, the court properly ordered restitution based upon medical expenses incurred by Officer Gerardot before May 20, 1994.[2]

II.

█ Next, Kotsopoulos contends the trial court erroneously admitted hearsay evidence pertaining to Officer Gerardot's medical expenses. State's exhibit "1" consists of numerous photocopied medical bills. Kotsopoulos objected to admission of state's exhibit "1" on the basis of hearsay. He argued that Officer Gerardot did not receive the bills himself and could not authenticate them. The court overruled Kotsopoulos' objection and utilized this evidence in determining the amount of restitution. We find no error.

Our supreme court determined that hearsay evidence is admissible at a sentencing hearing. *Dillon v. State* (1986), 492 N.E.2d 661, 664. In *Dillon*, the court upheld admission at sentencing of hearsay testimony from a police officer who investigated sex crimes. The officer testified concerning facts under-

---

2. Because we find the court continued Kotsopoulos' sentencing date until May 20, 1994, we need not address the argument that he did not waive any time limitations set out in I.C. § 35–50–5– 3(a). We have determined that the trial court properly considered medical and hospital expenses incurred by Officer Gerardot *before the date of sentencing*.

lying the defendant's prior rape charge. The officer's testimony was based upon the victim's statements. The court stated that the strict rules of evidence do not apply at sentencing hearings and found no error. *Id.* *See* also *Naked City, Inc. v. State* (1984), Ind.App., 460 N.E.2d 151, 156 (finding the trial court's consideration of hearsay reports at sentencing proper).

III.

In his final argument, Kotsopoulos contends that the court's restitution order was contrary to the evidence presented at sentencing. He brings to our attention several instances in which medical charges were duplicated in state's exhibit "1". While the state does not agree with Kotsopoulos' calculation of the final medical charges, the state admits in its appellate brief that some of Officer Gerardot's medical bills were included twice, "thereby causing the total costs incurred to appear higher than the actual costs." Appellee's brief at 7.

Ind.Code § 36–50–5–3(a)(2) states in relevant part that "[t]he court shall base its restitution order upon a consideration of" medical and hospital costs incurred by the victim. This language implies that restitution must reflect actual loss incurred by a victim. *Cf. Batarseh v. State* (1993), Ind. App., 622 N.E.2d 192, 196, *reh. denied, trans. denied,* (interpreting a similar statutory provision to require that restitution be based upon actual loss by the victim). Both the state and Kotsopoulos agree that the amount of restitution ordered by the trial court is in excess of Officer Gerardot's actual losses. Therefore, we reverse and remand on the issue of restitution with instructions to the trial court to revise its restitution order in accordance with this opinion.

STATON and SULLIVAN, JJ., concur.