# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**AARON J. EDWARDS**
Columbus, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

FILED

May 25 2012, 9:19 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| E. PAUL HASTE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 03A01-1108-CR-369 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BARTHOLOMEW SUPERIOR COURT
The Honorable Chris D. Monroe, Judge
Cause No. 03D01-1104-FB-1929

**May 25, 2012**

**OPINION – FOR PUBLICATION**

**MATHIAS, Judge**

E. Paul Haste ("Haste") appeals his conviction and sentence for Class B felony dealing in methamphetamine. Concluding that the order from which Haste appeals is not a final judgment, we dismiss this appeal *sua sponte*.

**Facts and Procedural History**

Haste was convicted of Class B felony dealing in methamphetamine on July 21, 2011. A sentencing hearing was held on August 17, 2011, at which the State presented evidence concerning the damage Haste's methamphetamine manufacturing activity had caused to his landlord's home and asked the trial court to enter a restitution order in the amount of $90,000. On the same date, the trial court issued an order sentencing Haste to a ten-year executed sentence and indicating that the court was taking the issue of restitution under advisement. On August 23, 2011, before the trial court entered any order addressing the issue of restitution, Haste filed his notice of appeal. The trial court clerk filed the Notice of Completion of Clerk's Record on the same date. This appeal ensued.

**Discussion and Decision**

This court has jurisdiction in all appeals from final judgments. Ind. Appellate Rule 5(A). Whether an order is a final judgment governs this court's subject matter jurisdiction. Georgos v. Jackson, 790 N.E.2d 448, 451 (Ind. 2003). The lack of appellate subject matter jurisdiction may be raised at any time, and where the parties do not raise the issue, this court may consider it *sua sponte*. Id.

Pursuant to Indiana Appellate Rule 2(H)(1), a "final judgment" is one which "disposes of all claims as to all parties[.]" In a criminal matter, sentencing is a final judgment. Terrell v. State, 180 Ind. App. 634, 636, 390 N.E.2d 208, 209 (1979). This court has held that the requirement that a defendant pay restitution is as much a part of a criminal sentence as any fine or other penalty. Wilson v. State, 688 N.E.2d 1293, 1295 (Ind. Ct. App. 1997) (citing Kostopoulos v. State, 654 N.E.2d 44, 46 (Ind. Ct. App. 1995), trans. denied.). Because the trial court specifically stated in its August 17, 2011 sentencing order that it was taking the restitution issue under advisement, that order did not completely dispose of all sentencing issues. Accordingly, the August 17, 2011 sentencing order from which Haste appeals is not an appealable final judgment, and we must dismiss this appeal.

We note that Haste has included in his Appellant's Appendix a document purporting to be a restitution order entered by the trial court on October 24, 2011. However, because the Notice of Completion of Clerk's Record was filed on August 23, 2011, over two months prior to the date reflected on the document, it is apparent that the purported restitution order was never made part of the record on appeal. Accordingly, the order is not properly before us and we will not consider it. See R.R.F. v. L.L.F., 956 N.E.2d 1135, 1142 n.4 (Ind. Ct. App. 2011) (noting that this court cannot consider matters outside the record). Nevertheless, we note that if the document is what it purports to be, then the trial court's judgment became final on October 24, 2011, the date the order was issued.

Indiana Appellate Rule 9(A)(1) provides that "[a] party initiates an appeal by filing a Notice of Appeal with the trial court clerk within thirty (30) days after the entry of a Final Judgment." The timely filing of a notice of appeal is a jurisdictional prerequisite, and failure to conform to the applicable time limits results in forfeiture of an appeal. State v. Hunter, 904 N.E.2d 371, 373 (Ind. Ct. App. 2009); App. R. 9(A)(5). Assuming that Haste did not file another notice of appeal within thirty days of the entry of the October 24, 2011 restitution order, it would appear that he has missed the deadline for filing a direct appeal of his conviction and sentence. However, it also seems apparent that Haste's conduct might qualify him to file a petition for permission to file a belated notice of appeal under Post-Conviction Rule 2.

Dismissed.

ROBB, C.J., and BAILEY, J., concur.