# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**VICTORIA L. BAILEY**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

FILED

May 10 2013, 8:25 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| BOBBY ALEXANDER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  49A04-1207-CR-351 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Lisa Borges, Judge
Cause No. 49G04-1103-FA-15328

**May 10, 2013**

**OPINION – FOR PUBLICATION**

**PYLE, Judge**

STATEMENT OF THE CASE

Bobby Alexander ("Alexander") attempts to appeal one of his two convictions, following a jury trial, for Class B felony aggravated battery.

We dismiss this appeal and remand.

ISSUE

Whether this appeal should be dismissed because the order from which Alexander is attempting to appeal is not a final judgment.

FACTS

Alexander was charged with two counts of Class A felony attempted murder and two counts of Class B felony aggravated battery after he used a semiautomatic rifle to shoot a car containing four individuals. As a result of the shooting, Alexander injured two of the individuals, Robert Seger ("Seger") and Ryan Little ("Little"). A jury trial was held in June 2012, and the jury found Alexander guilty of the two Class B felony aggravated battery charges and not guilty of the two Class A felony attempted murder charges.

On June 20, 2012, the trial court held a sentencing hearing. During the hearing, the State requested restitution in the amount of $96,674.53 for Seger and introduced copies of the Seger's medical bills. Alexander's counsel asked the trial court if it could conduct a restitution hearing at a later date because counsel wanted to "follow up" on "discounts" for Seger's medical bills. (Tr. 579). The trial court granted Alexander's request and stated that it would allow Alexander to look into any insurance write-offs or self-pay discounts and would allow the parties to work out the issue. Alexander indicated

2

that he waived his right to be at any future restitution hearing, and the trial court stated that it would set a restitution hearing "in a couple of weeks[.]" (Tr. 637). Thus, the trial court did not enter a restitution order but did sentence Alexander on his two convictions. The trial court imposed a six (6) year executed sentence for Alexander's Class B felony aggravated battery conviction relating to Little and imposed an eight (8) year sentence with six (6) years executed and two (2) years suspended to probation for Alexander's Class B felony aggravated battery conviction relating to Seger. The trial court ordered the sentences to be served consecutively at the Department of Correction.

On June 29, 2012, the State filed a motion for a hearing on restitution. The trial court granted the motion and set the hearing for July 16, 2012. Meanwhile, on July 11, 2012, Alexander commenced an appeal of his conviction and filed a notice of appeal. On July 16, 2012, the trial court held a hearing but reset the restitution hearing for August 7, 2012. Thereafter, the Notice of Completion of Clerk's Record was filed for this appeal on July 26, 2012. On August 7, 2012, the trial court held a hearing and indicated that it would reschedule the restitution hearing "at a later date." (CCS at 27).[1] From the record before us on appeal, there is nothing to indicate that the trial court has entered a restitution order or has held or scheduled a restitution hearing.

Nevertheless, on November 26, 2012, Alexander filed his Appellant's Brief, raising a sufficiency challenge to only one of his convictions—the aggravated battery

---

[1] The chronological case summary ("CCS") contained in the Appendix does not contain a complete entry for August 7, 2012. In a verified motion filed with this Court, Alexander attached a more recent copy of the CCS that contains a complete entry for August 7 and that reveals that the trial court had postponed the scheduling of the restitution hearing. *See State v. Black*, 947 N.E.2d 503, 504 n.7 (referencing a CCS in our Clerk's file and noting that our Clerk's file is "part of the record before us").

3

conviction as to Little—and arguing that there was insufficient evidence that Little's injury created a substantial risk of death.

Thereafter, the State filed a motion to dismiss the appeal, arguing that this Court does not have jurisdiction because the trial court had not resolved the issue of restitution prior to Alexander's filing of his notice of appeal. The State relied on this Court's recent opinion in *Haste v. State*, 967 N.E.2d 576 (Ind. Ct. App. 2012), in which this Court *sua sponte* dismissed the defendant's appeal where the trial court entered sentencing but took the issue of restitution under advisement. The *Haste* Court explained that because "the requirement that a defendant pay restitution is as much a part of a criminal sentence as any fine or other penalty" and because the trial court had not ruled on restitution, the order imposing sentence was not a final appealable order under Appellate Rule 2(H). *Haste*, 967 N.E.2d at 576 (citing *Wilson v. State*, 688 N.E.2d 1293 (Ind. Ct. App. 1997) (citing *Kotsopoulos v. State*, 654 N.E.2d 44 (Ind. Ct. App. 1995), *trans. denied*)). In response to the State's motion to dismiss, Alexander "concede[d] that *Haste* says what the State says it says" but argued that *Haste* was "wrongly decided." (Alexander's Objection at 3). On February 4, 2013, this Court's motions panel, in a 3-0 decision, denied the State's motion to dismiss.

The State subsequently filed its Appellee's Brief. The State did not address Alexander's sufficiency argument; instead, the State asked this Court to reverse the motions panel's ruling. The State argued that, under *Haste,* Alexander's appeal should be dismissed because he does not have a final judgment under Appellate Rule 2(H).

4

Alexander then filed a motion for oral argument, asking this Court to address the issue of whether this appeal should be dismissed. We will address the issue below.[2]

## DECISION

Because the issue is dispositive, we address the State's argument that we should overrule the motions panel's decision and that this appeal should be dismissed for lack of appellate jurisdiction. "'It is well established that we may reconsider a ruling by the motions panel.'" *Treacy v. State*, 953 N.E.2d 634, 636 n.2 (Ind. Ct. App. 2011) (quoting *Cincinnati Ins. Co. v. Young*, 852 N.E.2d 8, 12 (Ind. Ct. App. 2006), *trans. denied*), *trans. denied*. Although we are "reluctant" to overrule orders decided by our motions panel, we have "inherent authority to reconsider any [motions panel] decision" while an appeal remains pending. *Id.* (citing *Davis v. State*, 771 N.E.2d 647, 649 n.5 (Ind. 2002); *State v. Moore*, 796 N.E.2d 764, 766 (Ind. Ct. App. 2003), *trans. denied*.)

Appellate Rule 9 requires that a party initiate an appeal by filing a notice of appeal within thirty (30) days of a "Final Judgment." Appellate Rule 2(H)(1) provides that a "final judgment" is one that "disposes of all claims as to all parties." In *Haste*, this Court explained that an order of restitution is part of a criminal sentence. *Haste*, 967 N.E.2d at 576. The *Haste* Court held that because the trial court indicated that the issue of restitution was under advisement, the trial court's sentencing "order did not completely dispose of all sentencing issues" and was not a final judgment under Rule 2(H). *Id.* at 576-77. *See also Wilson*, 688 N.E.2d at 1295 (explaining that a trial court should enter a restitution order at the time of sentencing and that the trial court lacked authority to enter

---

[2] Given our disposition of this appeal, we deny Alexander's motion for oral argument by separate order.

5

a restitution order after sentencing where the trial court did not explicitly retain jurisdiction or continue the matter of restitution); *Kotsopoulos*, 654 N.E.2d at 46 (explaining that the "final component" of the defendant's sentence was "the court ordered restitution" and that the trial court properly entered a restitution order after sentencing where the trial court specifically continued the sentencing hearing for a determination of restitution).

Here, the State was prepared at the sentencing hearing with its request for restitution. Specifically, the State introduced copies of the Seger's medical bills and requested that that the trial court order Alexander to pay restitution in the amount of $96,674.53 for Seger's medical costs. Alexander, however, requested the trial court to delay the entry of a restitution order so that he could investigate possible "discounts" for Seger's medical bills. (Tr. 579). The trial court granted Alexander's request to take restitution under advisement and to hold a restitution hearing at a later date.

Now, Alexander is attempting to appeal one of his two convictions, but we have nothing in the record to indicate that the trial court has ever entered a restitution order. Additionally, the parties have not indicated that any such order has been entered. Under these specific circumstances, we dismiss this appeal. *See, e.g.*, *Haste*, 967 N.E.2d at 576; *see also Kotsopoulos*, 654 N.E.2d at 46. Given the procedural limbo in which this case stands, we remand this case to the trial court with instructions for the trial court to enter a restitution order *within thirty (30) days* of this Court's opinion.[3] Thereafter, upon

---

[3] We make no comment on the propriety or amount of restitution that the trial court may order. Our instructions on remand are simply that the trial court enter an order, either setting forth an amount of restitution to be paid or stating that no restitution will be ordered.

issuance of the trial court's restitution order, Alexander will be required to file a notice of appeal and follow the applicable Appellate Rules so that he may have his appeal heard on the merits.[4]

Finally, we note that it is a common practice in trial courts throughout our state for a trial judge to impose a sentence upon a defendant while taking restitution under advisement for various reasons. This practice, however, can prove to be problematic—as it has in this case—because it delays a defendant's ability to begin an appeal due to the fact that a final order has not been entered. Consequently, this practice would affect a trial judge's ability to advise a defendant of his appellate rights. Furthermore, when a trial court enters a sentence but takes restitution under advisement, the trial court is still subject to the ninety (90) day time limitation in Indiana Trial Rule 53.2 ("the lazy judge rule"), which is applicable to criminal proceedings pursuant to Indiana Criminal Rule 15. Therefore, the best practice would be for trial courts to enter an order of restitution at the same time as sentencing.

Dismissed and remanded with instructions.

Kirsch, J., and Vaidik, J., concur.

---

[4] We note that this delay will not affect Alexander's appellate rights to have his appeal heard. Additionally, there is also no prejudice resulting from the delay because Alexander is making no appellate challenge to his conviction or sentence relating to the aggravated battery of Seger and would remain in the Department of Correction for that conviction no matter what the outcome of this appeal on the merits.