# FOR PUBLICATION



**FILED**

Jul 18 2013, 6:28 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DEBORAH MARKISOHN**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES DENNING, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1208-CR-394 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM MARION SUPERIOR COURT
The Honorable Grant W. Hawkins, Judge
The Honorable Christina R. Klineman, Commissioner
Cause No. 49G05-1203-FA-17112

**July 18, 2013**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

James Denning was convicted after a bench trial of Class A felony attempted robbery[1] and being an habitual offender.[2] He raises two issues on appeal:

1.  Whether the victim's testimony was incredibly dubious; and

2.  Whether Denning should have been convicted of battery resulting in serious bodily injury as a Class C felony instead of attempted robbery as a Class A felony.[3]

As a preliminary matter, the State argues we do not have jurisdiction to consider Denning's appeal because he filed his notice of appeal before the trial court decided the issue of restitution. We have jurisdiction, and we affirm.

## FACTS AND PROCEDURAL HISTORY

On September 16, 2011, Denning and Derek Schaffer, who had been acquainted for about three months, went to a residence Shaffer was hoping to rent. Schaffer met with some prospective tenants, then he and Denning prepared to leave. As Schaffer checked to be sure the back door was locked, he heard a loud pop, "felt pressure," (Tr. at 94), then passed out. He woke up, felt blood on the back of his head, and realized he had been shot. He and Denning struggled over Denning's gun, and Denning said "give me your money and get back on the ground." (*Id.* at 98.) During the struggle, Denning shot the wall. When he realized he was out of bullets he dropped the gun and fled.

---

[1] Ind. Code § 35-41-5-1 (attempt); Ind. Code § 35-42-5-1 (robbery).
[2] Ind. Code § 35-50-2-8.
[3] Denning does not list this in his Statement of the Issues, but he argues it at length in his brief.

The trial court found Denning guilty of attempted robbery and being an habitual offender, and sentenced him to fifty years. At the sentencing hearing the State said "we are asking for . . . restitution to be determined at a hearing within 30 days or by agreement once the victim has provided me all of his medical bills." (*Id*. at 272.) There was no other discussion of restitution, nor was evidence heard on that topic. At the end of the hearing the court said: "What I will do is I will leave restitution open, have it reduced to a civil judgment if there is an agreement on it. If not, let me know and we'll have a hearing." (*Id*. at 275.) The final written sentencing order did not mention restitution.

## DISCUSSION AND DECISION

### 1. Jurisdiction

The State argues we do not have jurisdiction over this appeal "because the trial court had not resolved the issue of restitution prior to Denning's filing of his notice of appeal." (Br. of Appellee at 12.) We have jurisdiction, as the trial court found Denning guilty and entered a judgment of conviction. The trial court, despite its oral statement it would "leave restitution open," entered a final sentencing order that did not impose restitution. Under those circumstances, we will not deprive Denning of his day in court based solely on a statement made during a hearing. *See Howell v. State,* 684 N.E.2d 576, 577 n. 1 (Ind. Ct. App. 1997) (noting our preference to decide a case on its merits and choosing not to dismiss appeal despite fact that appellant's brief was filed late).

In urging us to dismiss Denning's entire appeal, the State relies on *Haste v. State*, 967 N.E.2d 576 (Ind. Ct. App. 2012). There, the State presented evidence at a sentencing hearing

3

concerning the damage Haste's methamphetamine manufacturing activity had caused to his landlord's home. The State asked the trial court to enter a restitution order in the amount of $90,000. The trial court issued an order sentencing Haste to a ten-year executed sentence and indicating that the court was taking the issue of restitution under advisement. On August 23, 2011, before the trial court entered an order addressing restitution, Haste filed his notice of appeal.

We dismissed the appeal, noting we have jurisdiction in all appeals from final judgments; therefore, whether an order is a final judgment determines our subject matter jurisdiction. *Id*. at 576. In a criminal matter, sentencing is a final judgment, *id*., and a requirement that a defendant pay restitution is as much a part of a criminal sentence as any fine or other penalty. *Id*. "Because the trial court *specifically stated in its August 17, 2011 sentencing order* that it was taking the restitution issue under advisement, that order did not completely dispose of all sentencing issues." *Id*. at 576-77 (emphasis added). Accordingly, the sentencing order Haste attempted to appeal was not a final judgment. *Id*. at 577.

*Haste* is distinguishable and does not require dismissal of Denning's appeal. Denning's final written sentencing order did not impose restitution or in any way indicate the question of restitution was still to be considered. In fact, the sentencing order explicitly noted Denning was "advised of his right to appeal and pauper counsel appointed." (App. at 41.) The trial court would presumably not have so advised Denning and appointed appellate counsel had it not intended its sentencing order, which did not provide for restitution, to be

4

final.[4] *Cf. Wilson v. State,* 688 N.E.2d 1293, 1295 (Ind. Ct. App. 1997) (explaining that a trial court should enter a restitution order at the time of sentencing and that the trial court lacked authority to enter a restitution order after sentencing where the trial court did not explicitly retain jurisdiction or continue the matter of restitution).

> We recently noted
>
> it is a common practice in trial courts throughout our state for a trial judge to impose a sentence upon a defendant while taking restitution under advisement for various reasons. This practice, however, can prove to be problematic -- as it has in this case -- because it delays a defendant's ability to begin an appeal due to the fact that a final order has not been entered. Consequently, this practice would affect a trial judge's ability to advise a defendant of his appellate rights. Furthermore, when a trial court enters a sentence but takes restitution under advisement, the trial court is still subject to the ninety (90) day time limitation in Indiana Trial Rule 53.2 ("the lazy judge rule"), which is applicable to criminal proceedings pursuant to Indiana Criminal Rule 15. Therefore, the best practice would be for trial courts to enter an order of restitution at the same time as sentencing.

*Alexander v. State*, 987 N.E.2d 182, 185-86 (Ind. Ct. App. 2013).

While it is apparent from Denning's sentencing order that the trial court advised Denning of his appeal rights, entered a final order, and did not in fact "leave restitution open," we agree with the *Alexander* reasoning. Entry of a restitution order at the time of Denning's sentencing, had that been the court's intent, would have left no doubt as to whether or when Denning could bring his appeal.

---

[4] The State asserts: "If, at some point, the trial court did order restitution, Denning could appeal from that order." (Br. of Appellee at 11-12.) But the record does not reflect the court retained continuing jurisdiction over restitution or any other matter; having sentenced Denning in a final order that did not require, or even mention restitution, the trial court could not "at some point" subsequently order restitution. After a final judgment a court retains only such continuing jurisdiction as is permitted by the judgment itself, or as is given the court by statute or rule. *Wilson v. State*, 688 N.E.2d 1293, 1295 (Ind. Ct. App. 1997). A trial court does not have inherent power to modify a sentence. *Id.*

As the issue of restitution was not pending, as alleged by the State, Denning is not precluded from bringing this appeal of his conviction.

2.    Incredible Dubiosity

Denning argues there was insufficient evidence to convict him because the victim's testimony was incredibly dubious. Under the "incredible dubiosity" rule, a reviewing court will impinge on the jury's responsibility to judge the credibility of witnesses only when confronted with inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity. *Murray v. State*, 761 N.E.2d 406, 408 (Ind. 2002). Application of this rule is limited to cases where a sole witness presents inherently contradictory testimony that is equivocal or the result of coercion and there is a complete lack of circumstantial evidence of the appellant's guilt. *Id*. To interfere with the jury's authority to judge witness credibility and evaluate evidence, we must be presented with testimony that "runs counter to human experience" and that reasonable persons could not believe. *Edwards v. State*, 753 N.E.2d 618, 622 (Ind. 2001).

Schaffer's statements were not incredibly dubious. Denning directs us to no specific testimony that runs counter to human experience or that reasonable persons could not believe. Instead, he asserts Schaffer was "not forthcoming" with a detective who interviewed him, (Br. of Appellant at 10); was "reluctant" to give the detective details about his relationship with Denning, (*id*. at 11); was "evasive with the police about his relationship with Denning," (*id*. at 12); and "Schaffer and Denning both testified to significantly different versions of the same incident." (*Id*. at 14.) He notes the trial court characterized Schaffer's version of the

6

events as "squirrely and evasive." (Tr. at 248.)

We decline to hold a witness' statements are necessarily "incredibly dubious" just because the witness is "evasive," "not forthcoming," or "reluctant" to reveal information, especially where, as here, the challenged information has no apparent relevance to the elements of the offense with which the defendant was charged. Nor will we hold a statement is, regardless of its content, "incredibly dubious" just because it is "squirrely."[5] *And see Murray v. State*, 761 N.E.2d 406, 409 (Ind. 2002) (noting that conflict between trial testimony and pre-trial statement does not make trial testimony incredibly dubious).

### 3. Lesser Included Offense

Denning argues he should have been convicted of, at most, battery resulting in serious bodily injury as a Class C felony instead of attempted robbery as a Class A felony, because the Class C felony is a lesser-included offense of the Class A felony. He relies on *Porter v. State*, 671 N.E.2d 152, 153 (Ind. Ct. App. 1996), *trans denied*, where we stated a three-pronged analysis a trial court must perform when called upon to instruct a jury on a lesser included offense.

We presume that a trial court knows the law in Indiana, *Palmer Dodge, Inc. v. Long*, 791 N.E.2d 788, 792 (Ind. Ct. App. 2003), and as Denning's was a bench trial, we decline to apply a jury instruction analysis. The State chose to charge Denning with Class A felony

---

[5]  The trial court explicitly stated Schaffer's account, though "squirrely," was "a credible account." (Tr. at 248.)

attempted robbery, and it provided ample evidence to support a conviction of that offense. *See Dixey v. State*, 956 N.E.2d 776, 778 (Ind. Ct. App. 2011) (State has the discretion to charge criminal defendants under the statute it chooses), *trans. denied.* There was no error in convicting Denning of the Class A felony with which he was charged.

## CONCLUSION

Denning is appealing a final order, as he was not subject to a pending restitution order; his victim's testimony was not incredibly dubious; and the trial court was not obliged to enter a conviction of a lesser-included offense. We therefore have jurisdiction over this appeal and affirm the trial court.

Affirmed.

BAKER, J., and MATHIAS, J., concur.