ATTORNEY FOR APPELLANT
Victoria L. Bailey
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Andrew Falk
Aaron J. Spolarich
Deputies Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court



FILED
Mar 13 2014, 10:12 am

CLERK
of the supreme court,
court of appeals and
tax court

### No. 49S04-1308-CR-534

BOBBY ALEXANDER,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Marion Superior Court
No. 49G04-1103-FA-015328
The Honorable Lisa Borges, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 49A04-1207-CR-351

**March 13, 2014**

**Per Curiam.**

We granted transfer to address whether this appeal, taken after a prison sentence was imposed but before the question of restitution was decided, should have been dismissed as premature. Given the particular circumstances, as explained below, we have concluded that this

appeal should not be dismissed and should be remanded to the Court of Appeals for resolution on the merits.

Following a jury trial, Bobby Alexander was found guilty of two counts of aggravated battery,[1] and at a hearing on June 20, 2012, he was sentenced to a term of years in the Department of Correction. The State also sought restitution for medical expenses incurred by an uninsured victim totaling some $96,000, and defense counsel requested time to investigate whether some of the bills had been discounted. The trial court indicated a desire to resolve the matter of restitution "fairly quickly" and told the parties that a restitution hearing would be scheduled "in a couple weeks." (Tr. p. 636-37.)

The trial court then informed Alexander that if he intended to appeal, he had to file a Notice of Appeal within thirty days. (Tr. p. 638.) The Abstract of Judgment was issued and filed that day,[2] and Alexander was ordered committed to the Department of Correction. The trial court appointed appellate counsel a few days later on June 25. The State filed a motion requesting a hearing on restitution, and the trial court set a hearing for July 16. Meanwhile, on July 11, twenty-one days after the trial court had announced the prison sentence, Alexander filed a Notice of Appeal. Apparently, the question of restitution was not resolved at the July 16 hearing, and another hearing was set for August 7, but by then, the Court of Appeals had obtained jurisdiction over the case.[3] The final chronological case summary entry supplied to us

---

[1] *See* Ind. Code § 35-42-2-1.5.

[2] Marion County historically has not issued the "judgment of conviction and sentence" referred to in I.C. § 35-38-3-2, but the "abstract of judgment," a form designed by the Department of Correction, has on occasion been treated as a substitute for it. *See, e.g.,* Neff v. State, 888 N.E.2d 1249, 1251 (Ind. 2008).

[3] Pursuant to Indiana Appellate Rule 8, the Court of Appeals obtained jurisdiction over the case when the Notice of Completion of the Clerk's Record was filed on July 26, 2012.

on the subject of restitution is dated August 7 and states that the "court will set hearing at a later date."

After Alexander filed his appellant's brief, the State moved to dismiss the appeal on grounds the appeal was premature. The State asserted that because there had been no resolution of whether (or how much) restitution would be ordered, there had been no "final judgment"[4] and, therefore, the Court of Appeals lacked jurisdiction to decide the appeal. The Court of Appeals motions panel denied the motion, but the State raised the issue again in its appellee's brief, and the Court of Appeals writing panel dismissed the appeal as premature. Alexander v. State, 987 N.E.2d 182 (Ind. Ct. App. 2013), *vacated*. We granted Alexander's petition to transfer jurisdiction to this Court, 992 N.E.2d 207 (Ind. 2013) (table), and heard oral argument.

As matters stand now, close to two years after having been convicted and placed in DOC custody, Alexander's appeal has not been considered on the merits, and no order on whether he will be required to pay restitution has been entered.

The State's position is that Alexander caused the delay by requesting time to investigate the medical bills and initiating this appeal before the trial court had ruled on the State's request for a restitution order. In arguing for dismissal of a premature appeal, the State relies primarily on Haste v. State, 967 N.E.2d 576 (Ind. Ct. App. 2012), *trans. not sought*, where the trial court's sentencing order stated that restitution was being taken under advisement, but Haste initiated the

---

[4] Appellate Rule 2(H) specifies that a "judgment is a final judgment if it disposes of all claims as to all parties." Criminal Rule 19 says that a Notice of Appeal must be filed within thirty days "after the date of sentencing." Case law generally says that an order of restitution, like a fine or other penalty, is a part of a criminal sentence. *See, e.g.*, Miller v. State, 502 N.E.2d 92, 95-96 (Ind. 1986) (discussing restitution ordered as a condition of probation); Kotsopoulos v. State, 654 N.E.2d 44, 46 (Ind. Ct. App. 1995), *trans. denied.*

3

appeal before restitution was determined. The Court of Appeals decided that because the trial court's order had specifically stated restitution was under advisement, the order did not completely dispose of all the sentencing issues, and there was no final, appealable judgment. Id. at 577. The Haste appeal was dismissed as premature.

However, unlike the reported facts in Haste, here the trial court advised Alexander that any Notice of Appeal had to be filed within thirty days of the June 20 hearing and the trial court appointed appellate counsel a few days later. That advisement sufficiently put matters in a state of confusion about Alexander's appeal deadline, we think, such that he is entitled to have his appeal decided on the merits now. *See* Berry v. Huffman, 643 N.E.2d 327, 328-29 (Ind. 1994) (one goal of rules governing appeals is to avoid leaving litigants uncertain whether to initiate an appeal that might be dismissed as premature or risk losing a right to appeal altogether). Further, given the unusual procedural history of this case, a future order of restitution once jurisdiction returns to the trial court will not be precluded.[5]

As indicated, given the confusion about appellate deadlines that may have resulted from the trial court's advisement and in view of the delay already in the case, Alexander's appeal should be addressed on the merits even though the issue of restitution remains unresolved at this juncture. Accordingly, transfer having been granted, this case is remanded to the Court of Appeals for consideration of the points raised in Alexander's appellant's brief.

Dickson, C.J., and Rucker, David, Massa, and Rush, JJ., concur.

---

[5] *Compare* Denning v. State, 991 N.E.2d 160, 163 n.4 (Ind. Ct. App. 2013), *trans. not sought*, which suggests the trial court might not have the authority to order restitution after the appeal of the conviction had been decided.