**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Mar 21 2014, 9:51 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN P. WILSON**
Wilson & Wilson
Greenwood, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DARRELL TURNER, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 41A01-1306-CR-290 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE JOHNSON CIRCUIT COURT
The Honorable K. Mark Loyd, Judge
Cause No. 41C01-1109-FD-00508

**March 21, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Darrell Turner, Jr. ("Turner") was convicted in Johnson Circuit Court of Class D felony operating a vehicle while intoxicated. He appeals his conviction and argues that the evidence is insufficient to support his conviction because the State failed to prove that he operated a vehicle.

We affirm.

**Facts and Procedural History**

On August 25, 2011, thirty-two-year-old Turner and his seventeen-year-old girlfriend, Janise Marsh ("Marsh"), drove to Chad Lovell's ("Lovell") home in Greenwood. The three friends drank vodka and smoked marijuana. After midnight, Turner, Marsh, and Lovell left Lovell's home in a Chevrolet Silverado truck that Turner had borrowed from his cousin.

Turner was driving the truck, and Marsh was seated between Turner and Lovell. Turner, whose license was suspended, sped down Broadway Street so that he could jump the railroad tracks. After hitting the railroad tracks, the truck sailed seventy-feet in the air. Turner lost control of the truck after it landed, and the truck collided head on with a parked Lincoln Town Car. The collision knocked the truck and the car 150 feet away from where the car had been parked.

The impact of the collision pushed the truck's engine into the truck cab. Turner suffered a cracked right kneecap and a broken right ankle. Marsh broke her nose and two ribs, and a cut on her face required stiches. Lovell lost consciousness.

Greenwood Police Officer Bruce Campbell ("Officer Campbell") responded to the accident scene and observed the heavily damaged vehicles. He also saw Marsh sitting on

2

the sidewalk just north of the truck and Lovell lying on the shoulder of the roadway. Turner was hopping up and down next to the driver's side of the truck. When Turner saw Officer Campbell, he pulled a plastic baggie out of his pocket and threw it on the ground. Upon retrieving the baggie, Officer Campbell believed that it contained marijuana.

Turner told Officer Campbell that "Nick" was driving the truck. However, no one by that name was present at the accident scene. Turner's speech was slurred, his eyes were bloodshot and glassy, and Officer Campbell smelled the strong odor of alcohol on his breath. Turner's injury to his right leg prevented Officer Campbell from administering sobriety tests. The officer read the implied consent form to Turner, who refused to submit to a blood test. Finally, due to their injuries, Turner, Marsh and Lovell were all transported to the hospital.

Turner was charged with Class D felony operating a vehicle while intoxicated, Class A misdemeanor operating a vehicle while intoxicated endangering a person, Class C misdemeanor operating a vehicle while intoxicated, and Class D felony possession of marijuana. A bench trial was held on April 15, 2013. At trial, Marsh testified that Turner was driving the truck when the accident occurred. The trial court determined that Turner was guilty of Class D felony operating while intoxicated and merged the two remaining operating while intoxicated counts with the Class D felony count. However, Turner was found not guilty of the marijuana charge because the State failed to prove that the substance in the plastic baggie was marijuana.

Turner was sentenced on May 16, 2013, to 1095 days in the Indiana Department of Correction, with 180 days executed and 915 days suspended to probation. Turner stated

3

that he wanted to appeal his conviction and the trial court appointed appellate counsel. The sentencing judgment and order was entered on the court's docket on May 20, 2013. However, on May 31, 2013, the trial court issued an amended sentencing order to correct the original sentencing order, which stated that Turner had pleaded guilty to operating while intoxicated. Turner filed his Notice of Appeal on June 28, 2013, thirty-nine days after the court issued the original May 20, 2013 sentencing order, but within thirty days of the amended sentencing order.

## I. Timeliness of Turner's Appeal

The State argues that Turner failed to file a timely Notice of Appeal, and therefore, our court lacks jurisdiction over this appeal. Our court has jurisdiction over appeals from final judgments. Ind. Appellate Rule 5(A). A final judgment "disposes of all claims as to all parties[.]" Ind. Appellate Rule 2(H)(1). In a criminal matter, sentencing is a final judgment. Denning v. State, 991 N.E.2d 160, 162 (Ind. Ct. App. 2013).

Indiana Appellate Rule 9(A)(1) provides that "[a] party initiates an appeal by filing a Notice of Appeal with the trial court clerk within thirty (30) days after the entry of a Final Judgment." The timely filing of a Notice of Appeal is a jurisdictional prerequisite, and failure to conform to the applicable time limits results in forfeiture of an appeal. State v. Hunter, 904 N.E.2d 371, 373 (Ind. Ct. App. 2009); App. R. 9(A)(5).

In this case, the initial sentencing judgment and order was entered on the court's docket on May 20, 2013. This order erroneously stated that Turner had pleaded guilty to the operating a vehicle while intoxicated charge. On May 31, 2013, the trial court issued an amended sentencing order sua sponte to correct the error.

4

Significantly, the May 20 sentencing order stating that Turner pleaded guilty erroneously provides: "Defendant knowingly waives applicable constitutional rights, including right to appeal if convicted at trial." Appellant's App. p. 10. The May 31, 2013 sentencing order corrected a substantial error in the court's original sentencing order, and therefore, we conclude that Turner's June 28, 2013 Notice of Appeal, filed within thirty days of the May 31, 2013 amended sentencing order, was timely filed.

## II. Sufficient Evidence

Turner argues that the evidence is insufficient to support his conviction. When we review a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. Chappell v. State, 966 N.E.2d 124, 129 (Ind. Ct. App. 2012) (citing McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005)), trans. denied. Rather, we consider only the probative evidence supporting the conviction and the reasonable inferences to be drawn therefrom. Id. If there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt, then the judgment will not be disturbed. Baumgartner v. State, 891 N.E.2d 1131, 1137 (Ind. Ct. App. 2008).

Turner does not challenge the sufficiency of the evidence to prove intoxication, but claims that the State failed to prove that he operated a vehicle. See Ind. Code §§ 9-30-5-1, -2, and -3; Appellant's App. pp. 1-3. Turner argues that Officer Campbell never saw him driving truck and Marsh's statement that Turner was driving the truck is less than credible because she was "severely inebriated." Appellant's Br. at 9.

At trial, Marsh admitted that she was intoxicated on the night of the accident and had a hard time remembering the events that transpired after the crash. Marsh remembered drinking vodka and smoking marijuana at Lovell's house prior to the crash. Marsh testified that when they left Lovell's house, Turner was driving the truck, Lovell was in the passenger seat, and she sat in between them. Marsh explained that Turner drove to the end of the street so that he could pick up speed to jump the railroad tracks. Tr. p. 45. Marsh stated that the impact of the accident caused her to lose consciousness and threw her into the backseat of the truck.[1] Tr. pp. 43-44. Marsh recalled that after the crash, Turner shouted, "[d]on't call the cops. Don't . . . call the cops she's fine. Wake up, Janise, the cops are coming." Tr. p. 31. Marsh unequivocally stated that only she, Turner, and Lovell were in the truck when the accident occurred and that Turner was the driver. Tr. pp. 51-52.

When Officer Campbell arrived at the accident scene, he found Turner hopping up and down next to the driver's side of the truck. An unconscious white male was lying on the shoulder of the roadway. Marsh was sitting on the sidewalk approximately twenty to thirty feet north of the truck. Turner initially told Officer Campbell "some other guy" had been driving the truck and later stated that "Nick" had been driving. Tr. pp. 6-7. No one named "Nick" was present at the accident scene.

---

[1] Marsh stated that she could not remember getting out of the truck after the accident and when asked how she knew she was in the backseat, she responded, "[b]ecause I got a police report filed and I read over it and that's what the report said." Tr. p. 44. Turner argues that Marsh's testimony did not arise from her own recollection of the accident but what she remembered from reading the police report. However, Marsh clearly remembered Turner driving the truck. She only had difficulty remembering those events that followed the accident.

After specifically addressing the likelihood that a fourth individual could have fled from the accident scene given the damage to the truck, and determining that Marsh's statement that Turner was driving the truck was credible, the trial court concluded that the State presented sufficient evidence to prove that Turner operated a vehicle while intoxicated. Tr. pp. 79-80. Because we will not reweigh the evidence and the credibility of the witnesses on appeal, we conclude that the evidence was sufficient and affirm Turner's conviction for Class D felony operating a vehicle while intoxicated.

Affirmed.

BRADFORD, J., and PYLE, J., concur.