## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 31 2015, 9:43 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| | |
|---|---|
| **APPELLANT PRO SE** | **ATTORNEYS FOR APPELLEE** |
| Gregory A. Caudle | Gregory F. Zoeller |
| Wabash Valley Correctional Facility | Attorney General of Indiana |
| Carlisle, Indiana | |
| | J.T. Whitehead |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Gregory A. Caudle, | March 31, 2015 |
| *Appellant-Defendant,* | Court of Appeals Case No. 49A02-1412-CR-847 |
| v. | Appeal from the Marion Superior Court |
| State of Indiana, | The Honorable Sheila A. Carlisle, Judge |
| *Appellee-Plaintiff* | The Honorable Stanley E. Kroh, Master Commissioner |
| | Case No. 49G03-1305-PC-30738 |

**Crone, Judge.**

[1] Gregory A. Caudle, pro se, appeals the trial court's denial of his "Verified Motion for Discharge and Request for Production of Certified Documents." Concluding that the trial court's denial of the motion is not a final appealable order, or in the alternative that Caudle's motion constituted a successive petition for postconviction relief filed without permission of this Court, we dismiss the appeal.

[2] We sua sponte address the issue of our jurisdiction in this case. The lack of appellate jurisdiction may be raised at any time and, even if the parties do not question subject matter jurisdiction, we may consider the issue sua sponte. *Haste v. State*, 967 N.E.2d 576, 576 (Ind. Ct. App. 2012). It is well settled that this Court has jurisdiction over appeals from final judgments and appeals from interlocutory orders. Ind. Appellate Rule 5. The record indicates that Caudle filed a pro se petition for postconviction relief on August 27, 2014.[1] The current motion for discharge and request for production of documents was subsequently filed on November 6, 2014. Although not labeled as such, because Caudle has already petitioned for postconviction relief, his current motion may be construed as a motion to amend or to supplement his petition for postconviction relief, and therefore the trial court's denial was not a final appealable judgment, as it meets none of the criteria for final judgments

---

[1] Caudle was convicted, following a jury trial, of two counts of class B felony burglary and one count of class A misdemeanor resisting law enforcement. The jury also found Caudle to be a habitual offender. While he originally filed a direct appeal, he later petitioned to withdraw that appeal. We granted his petition and dismissed his appeal with prejudice on February 14, 2014.

provided by Indiana Appellate Rule 2(H). Additionally, the trial court's denial meets none of the criteria for interlocutory appeals of right or discretionary interlocutory appeals. *See* Ind. Appellate Rule 14(A), -(B). Therefore, the trial court's ruling is not now appealable.

[3] We note that even if Caudle's motion is not considered a motion to amend his petition for postconviction relief, his motion alternatively may be construed as a habeas corpus petition because he alleged that he is being illegally imprisoned and is entitled to immediate release. *See* Ind. Code § 34-25.5-1-1 ("Every person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal."); *see Hardley v. State*, 893 N.E.2d 740, 742 (Ind. Ct. App. 2008) (a defendant is entitled to a writ of habeas corpus if he is unlawfully incarcerated and entitled to immediate release). Indiana Post-Conviction Rule 1(1)(c) provides that a habeas corpus petition challenging the validity of a conviction, as Caudle clearly does here, should be treated as a petition for postconviction relief. As Caudle has already filed a petition for postconviction relief, the current motion would be a successive petition, and successive petitions for postconviction relief are not allowed without permission from this Court. *See* Ind. Post-Conviction Rule 1(12). Caudle has not sought such permission.

[4] For the foregoing reasons, we do not have jurisdiction over Caudle's appeal of the trial court's ruling. This appeal is dismissed.

Dismissed.

Brown, J., and Pyle, J., concur.