## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 31 2020, 8:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Nicole A. Zelin
Pritzke & Davis, LLP
Greenfield, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Garrett Marcus Morrow,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 31, 2020

Court of Appeals Case No.
20A-CR-476

Appeal from the Hancock Superior Court

The Honorable Dan E. Marshall, Judge

Trial Court Cause No.
30D02-1909-F6-1878

**Brown, Judge.**

[1] Garrett Marcus Morrow appeals his sentence for battery as a level 6 felony. He contends that he was denied a fair opportunity to controvert the presentence investigation report ("PSI") and asserts his sentence is inappropriate. We affirm.

## Facts and Procedural History

[2] On or about September 17, 2019, Morrow was an inmate at the Hancock County Jail and became disturbed by the sounds of the other inmates in his cell playing cards. Morrow knowingly or intentionally touched Thomas Joseph Fager in a rude, insolent, or angry manner by punching him resulting in moderate bodily injury including swelling and redness to his right eye.

[3] On September 30, 2019, the State charged Morrow with battery as a level 6 felony. On December 2, 2019, the court held a hearing, and Morrow indicated he did not want counsel and pled guilty. The court informed Morrow: "You know you have the right to what we call a Presentence Investigation Report where Probation will come in, meet with you and – uh – make a recommendation on the sentence." Transcript Volume II at 9. The court stated: "Because this is a Level 6 Felony you can waive that right or you can have Probation go ahead and conduct that – that report. What would you like to do?" *Id.* Morrow answered: "Have them come talk to me." *Id.* The court ordered a PSI and scheduled a sentencing hearing.

[4] On December 26, 2019, the Hancock County Probation Department filed a PSI which recommended a sentence of two years in the Hancock County Jail. An

entry in the chronological case summary dated December 27, 2019, states: "Automated Paper Notice Issued to Parties Pre-Sentence Investigation Report Filed – 12/26/2019: Garret Marcus Morrow[.]" Appellant's Appendix Volume II at 5.

[5] On January 2, 2020, the court held a sentencing hearing, and Morrow indicated he was prepared to proceed. The following exchange then occurred:

> THE COURT: Mr. Morrow, did you receive a copy of the Presentence Investigation prepared by Probation?
>
> MR. MORROW: Yes, Sir.
>
> THE COURT: Did you read that document?
>
> MR. MORROW: Yes, Sir.
>
> THE COURT: Are you aware of any corrections that need to be made to it?
>
> MR. MORROW: No, Sir.
>
> &ast; &ast; &ast; &ast; &ast;
>
> THE COURT: Then I'll show the Presentence Investigation approved as submitted. . . .
>
> &ast; &ast; &ast; &ast; &ast;
>
> THE COURT: State's recommendation?
>
> [Prosecutor]: Your Honor, the State would follow the recommendation as laid out . . . in the Presentence Investigation by Miss Dobbs.
>
> THE COURT: Sir, do you – uh – anything you'd like to say about the recommendation in this matter?

MR. MORROW:  No, Sir.

THE COURT:  So, you don't disagree with the State's recommendation?

MR. MORROW:  I didn't even read what they recommend on there.

THE COURT:  You *do* agree with it?

MR. MORROW:  Yes.

Transcript Volume II at 13-15 (emphasis appears in original).

[6]     The court sentenced Morrow to 730 days in the Hancock County Jail.  The court stated:

> Sir, the recommendation of Probation including the possibility of a modification if you did certain things.  I'm not including that in my Sentencing Order but that doesn't mean you're precluded from . . . filing a petition for modification.  This is open sentencing, so I have the right to modify this sentence at any time.  So, if you do wonderfully and do the things Probation has recommended in . . . this Presentence for the possibility of a modification, if you do those things and you file a motion, I'll give you a hearing to determine whether your sentence should be modified.

*Id.* at 15.  The court asked Morrow if he understood, and he answered affirmatively.

*Discussion*

I.

Morrow first argues that he was denied a fair opportunity to controvert the PSI and asserts he was provided with a copy of the PSI only five minutes prior to the hearing in violation of Ind. Code § 35-38-1-12(b).[1] The State contends that Morrow's argument is not supported by the record or case law.

Ind. Code § 35-38-1-12(b) provides in part: "The court shall furnish the factual contents of the presentence investigation or a copy of the presentence report sufficiently in advance of sentencing so that the defendant will be afforded a fair opportunity to controvert the material included." As a general matter, "it would be better if trial courts routinely made sure the pre-sentence report was available more than one day before the sentencing hearing . . . ." *Lang v. State*, 461 N.E.2d 1110, 1114 (Ind. 1984). However, "[t]here is no specific deadline for the filing of a pre-sentence investigation report except that the factual contents or a copy of the report must be furnished 'sufficiently in advance of sentencing so that the defendant will be afforded a fair opportunity to controvert the material included.'" *Goudy v. State*, 689 N.E.2d 686, 698-699 (Ind. 1997) (quoting Ind. Code § 35-38-1-12(b)), *reh'g denied*. "[I]t is incumbent

---

[1] Morrow cites to a document signed by him and titled "AFFIDAVIT OF GARRETT MORROW" in which he asserted that his case was called for a hearing within five minutes of him receiving the twenty-two page PSI. Appellant's Appendix Volume II at 56.

upon [the] defendant to show how he was prejudiced by a short time period within which to review a pre-sentence report." *Id.* at 699.

[9] The record reveals that Morrow stated at the sentencing hearing that he was ready to proceed. While at one point Morrow stated, "I didn't even read what they recommend on there," Transcript Volume II at 14, when specifically asked by the trial court if he read the PSI, he answered affirmatively. Further, when asked if he was aware of any corrections that needed to be made to the PSI, he answered in the negative. Morrow did not request a continuance or additional time to read the recommendation. On appeal, Morrow asserts that he was not afforded a fair opportunity to review the PSI so that he could refute the probation officer's recommendation, but does not point to any incorrect or inaccurate statements in the PSI or develop a cogent argument as to how he was harmed. Under these circumstances, we cannot say reversal is warranted. *See Goudy*, 689 N.E.2d at 699 (observing that the defendant made no claim that the PSI contained factual errors or inaccuracies requiring additional time to try to rebut and finding no error in the trial court's denial of his request to continue the sentencing hearing); *Eubank v. State*, 456 N.E.2d 1012, 1017 (Ind. 1983) (observing that the defendant received the report in advance of the sentencing hearing, stated that he had no evidence to present, failed to enumerate specific findings which he planned to controvert if given additional time, and failed to show how he was harmed, and holding that the trial court's denial of his motion to continue the sentencing hearing did not warrant reversal).

II.

The next issue is whether Morrow's sentence is inappropriate in light of the nature of the offense and his character. Morrow argues the facts are not egregious and his criminal history was not so significant "as to affect his character to the extent that he should have been sentenced" to two years. Appellant's Brief at 9. He requests that we revise his sentence to the advisory.

Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

Ind. Code § 35-50-2-7 provides that a person who commits a level 6 felony shall be imprisoned for a fixed term of between six months and two and one-half years, with the advisory sentence being one year.

Our review of the nature of the offense reveals that Morrow, who was born on December 28, 1995, was an inmate at the Hancock County Jail, became disturbed by the sounds of the other inmates in his cell playing cards, and knowingly or intentionally touched Fager in a rude, insolent, or angry manner by punching him resulting in moderate bodily injury including swelling and redness to his right eye.

[14]     Our review of the character of the offender reveals that Morrow pled guilty. As a juvenile, Morrow had adjudications for strangulation and two counts of child molesting. As an adult, he has convictions for fraud and possession of marijuana, hash oil, hashish, or a synthetic drug in 2015; resisting law enforcement as a class A misdemeanor and unlawful possession or use of a precursor as a level 6 felony in 2018; and two counts of resisting law enforcement and two counts of domestic battery as class A misdemeanors in 2019. The PSI indicates that Morrow reported having been on supervised probation five times which he admitted to never successfully completing. He also admitted to being placed into community corrections and failing to successfully complete it. The PSI states that Morrow received extensive therapeutic interventions as a juvenile and never complied with supervision by probation or community corrections.

[15]     The PSI states Morrow had significant childhood trauma and was raised in a home that was chaotic and marked by violence and drug use. It further provides that he received extensive services through the Department of Mental Health as well as through Hancock Probation Department and that his compliance was "minimal at best." Appellant's Appendix Volume II at 30. Morrow admitted to first using marijuana around age fourteen and described his use as being at least one time each month. The PSI notes that Morrow denied the use of cocaine, meth, heroin, LSD, hallucinogenic mushrooms, bath salts, ecstasy, or any other known substances, and that prior police reports indicated he admitted to being under the influence of meth in the past and that,

during one arrest, he required hospital care that included sedation due to his use of illegal substances. The PSI further provides that Morrow's overall risk assessment score using the Indiana Risk Assessment System places him in the very high risk to reoffend category.

[16] After due consideration, we conclude that Morrow has not sustained his burden of establishing that his sentence is inappropriate in light of the nature of the offense and his character.

[17] For the foregoing reasons, we affirm Morrow's sentence.

[18] Affirmed.

Robb, J., and Crone, J., concur.